IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| NATIONAL RIFLE ASSOCIATION OF AMERICA, INC., 11250 Waples Mill Road, Fairfax, VA 22030, <br><br> *Plaintiff*, <br><br> v. <br><br> PAM BONDI, in her Official Capacity as Attorney General of Florida, Office of Attorney General State of Florida The Capitol PL-01 Tallahassee, FL 32399, *and* <br><br> RICK SWEARINGEN, in his Official Capacity as Commissioner of the Florida Department of Law Enforcement, Florida Department of Law Enforcement 2331 Phillips Road Tallahassee, FL 32308, <br><br> *Defendants*. | Civil Action No. _____ |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff, the National Rifle Association of America, Inc., by and through the undersigned attorneys, files this Complaint against the above-captioned Defendants, in their official capacities as state officials responsible under Florida

1

law for administering and enforcing the State's laws and regulations governing the sale of firearms. Plaintiff seeks declaratory and injunctive relief: a declaration that Florida's law banning adult, law-abiding citizens under the age of 21 from purchasing firearms of any kind is unconstitutional under the Second and Fourteenth Amendments to the United States Constitution, and an injunction compelling Defendants to refrain from enforcing that invalid ban and to allow Plaintiff's members to purchase firearms to defend themselves, their families, and their homes. In support of its Complaint against Defendants, Plaintiff hereby alleges as follows:

## INTRODUCTION

1. The Second Amendment "guarantee[s] the individual right to possess and carry" firearms, and "elevates above all other interests the right of law-abiding, responsible citizens to use arms in defense of hearth and home." *District of Columbia v. Heller*, 554 U.S. 570, 635 (2008).

2. The State of Florida, however, has recently prohibited an entire class of law-abiding, responsible citizens from fully exercising the right to keep and bear arms—namely, adults who have reached the age of 18 but are not yet 21. Florida flatly bans such persons from purchasing firearms, whether from federally licensed firearms dealers or from any other source.

3. At 18 years of age, law-abiding citizens in this country are considered adults for almost all purposes and certainly for the purposes of the exercise of fundamental constitutional rights. At 18, citizens are eligible to serve in the military—to fight and die by arms for the country. Indeed, male citizens in this age-group are designated members of the militia by federal statute, 10 U.S.C. § 246(a), and may be conscripted to bear arms on behalf of their country, 50 U.S.C. § 3803(a). Yet, newly-enacted Section 790.065(13) of Florida's criminal code prohibits law-abiding adults in this age group from lawfully purchasing a firearm of any kind.

4. This blanket ban violates the fundamental rights of thousands of responsible, law-abiding Florida citizens and is thus invalid under the Second and Fourteenth Amendments.

## JURISDICTION AND VENUE

5. This Court has subject-matter jurisdiction over Plaintiff's claims under 28 U.S.C. §§ 1331 and 1343.

6. Plaintiff seeks remedies under 28 U.S.C. §§ 1651, 2201, and 2202 and 42 U.S.C. §§ 1983 and 1988.

7. Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) & (b)(2).

## PARTIES

8. Plaintiff National Rifle Association of America, Inc. ("NRA") is a nonprofit association incorporated under the laws of New York. Founded in 1871, the NRA is the oldest civil rights organization in America and the Nation's foremost defender of Second Amendment rights. Among other things, the NRA promotes the safe and responsible purchase, possession, and use of firearms by law-abiding adults for lawful purposes, such as self-defense, target practice, marksmanship competition, and hunting. The NRA is the leading provider of firearms marksmanship and safety training for civilians and law-enforcement officers. The NRA has a membership of approximately five million persons, many thousands of whom reside throughout the state of Florida. Its principal place of business is 11250 Waples Mill Road, Fairfax, VA 22030.

9. Defendant Pam Bondi is the Attorney General of Florida. As Attorney General, she is responsible for directing and supervising the prosecution of all offenses against Florida's criminal law, including the ban on purchasing firearms at issue in this case. Her official address is Office of Attorney General, State of Florida, The Capitol PL-01, Tallahassee, FL 32399. She is being sued in her official capacity.

10. Defendant Rick Swearingen is the Commissioner and Executive Director of the Florida Department of Law Enforcement. As Commissioner, he exercises, delegates, or supervises all the powers and duties of the Department,

which is charged under Florida law with administering Florida's criminal laws governing the purchase and sale of firearms. His official address is 2331 Phillips Road, Tallahassee, FL 32308. He is being sued in his official capacity.

## FACTUAL ALLEGATIONS

### Florida's Ban on Purchasing Firearms

11. On March 9, 2018, Florida Governor Rick Scott signed into law Senate Bill 7026.

12. Senate Bill 7026 was enacted in the wake of a tragic school shooting at Marjory Stoneman Douglas High School in Parkland, Florida, which was believed to have been perpetrated by a 19-year-old, male former student of the school.

13. Senate Bill 7026, among other provisions, amends FLA. STAT. § 790.065 to add a new Subsection (13), which provides as follows:

> A person younger than 21 years of age may not purchase a firearm. The sale or transfer of a firearm to a person younger than 21 years of age may not be made or facilitated by a licensed importer, licensed manufacturer, or licensed dealer. A person who violates this subsection commits a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084. The prohibitions of this subsection do not apply to the purchase of a rifle or shotgun by a law enforcement officer or correctional officer, . . . or a servicemember . . . .

14. An individual who purchases any firearm in violation of this ban is subject to imprisonment for up to 5 years, a fine of up to $5,000, or both. FLA. STAT. §§ 775.082, 775.083.

15. Florida law independently limits access to firearms for individuals who are considered unsafe, mentally unstable, or otherwise incapable of safely operating a firearm. For instance, a firearm generally may not be purchased or possessed, under Florida law, by **(1)** any individual who has ever been convicted of a felony, *id.* § 790.023(1)(a); **(2)** anyone who is subject to an injunction against committing acts of domestic violence, *id.* § 790.233; **(3)** minors under the age of 18, *id.* § 790.22(3); or **(4)** individuals who have been adjudicated mentally defective or are committed to a mental institution, *id.* § 790.065(2)(a)(4).

16. Independent provisions of federal law also already significantly constrain the right of adult citizens under the age of 21 to purchase firearms. Under 18 U.S.C. § 922(b)(1), a federally licensed firearm dealer may not sell to any individual under the age of 21 any handgun—the "quintessential self-defense weapon" which is "the most popular weapon chosen by Americans for self-defense in the home." *Heller*, 554 U.S. at 629. Florida's new ban broadens these preexisting limits, by (1) extending the ban to rifles and shotguns, in addition to handguns, and (2) prohibiting these law-abiding, adult citizens from purchasing these firearms from *any* source, not just federally licensed dealers (i.e., those who

6

are "engaged in the business of selling firearms at wholesale or retail." 18 U.S.C. § 921(a)(11)).

17. The effect of Florida's age-based ban is to impose a significant, unequal, and impermissible burden on the right to keep and bear arms of a class of millions of law-abiding 18-to-20 year-old adult citizens.

### The Impact of the Ban on Plaintiff

18. The NRA has approximately 5 million members, many thousands of which reside in Florida.

19. The NRA's members include law-abiding adult citizens between the age of 18 and 21 who reside in Florida and who desire to purchase handguns, long-guns, or both for self-defense and other lawful purposes.

20. These members are both male and female, and, apart from their age, they meet all other state or federal requirements for purchasing or possessing firearms. These members are not law-enforcement or correctional officers or servicemembers, within the meaning of FLA. STAT. § 790.065(13), and they are therefore not exempt from Florida's ban.

21. But for Section 790.065(13)'s ban, some of these members would purchase handguns, rifles, or shotguns for lawful purposes. But for Section 790.065(13)'s ban, some of these members would purchase handguns from a

lawful source other than a federally licensed firearm dealer, such as a private seller or a family member.

22. Section 790.065(12)'s ban on firearm sales to adults within this age bracket therefore infringes on the Second Amendment rights of these NRA members. The NRA brings this action on behalf of these members.

## COUNT 1

### 42 U.S.C. § 1983 Action for Violation of U.S. CONST. amends. II and XIV—Facial Challenge

23. Plaintiff incorporates by reference the allegations of the preceding paragraphs.

24. The Second Amendment's guarantee of "the right of the people to keep and bear Arms" secures to law-abiding, responsible, adult citizens the fundamental constitutional right to purchase and acquire firearms for the purpose of self-defense in the home. U.S. CONST. amend. II.

25. This Second Amendment right applies against the State of Florida under U.S. CONST. amend. XIV.

26. FLA. STAT. § 790.065(13) bans law-abiding, responsible, adult citizens between the ages of 18 and 21 from purchasing any firearm from any source.

27. This ban infringes upon, and imposes an impermissible burden upon, the Second Amendment rights of the NRA Members described above, and it is therefore facially unconstitutional, void, and invalid.

## COUNT 2

## 42 U.S.C. § 1983 Action for Violation of
## U.S. CONST. amends. II and XIV—As-Applied Challenge

28.  Plaintiff incorporates by reference the allegations of the preceding paragraphs.

29.  The Second Amendment's guarantee of "the right of the people to keep and bear Arms" secures to law-abiding, responsible, adult citizens the fundamental constitutional right to purchase and acquire firearms for the purpose of self-defense in the home. U.S. CONST. amend. II.

30.  This Second Amendment right applies against the State of Florida under U.S. CONST. amend. XIV.

31.  FLA. STAT. § 790.065(13) bans law-abiding, responsible, adult citizens between the ages of 18 and 21 from purchasing any firearm from any source.

32.  This ban particularly infringes upon, and imposes an impermissible burden upon, the Second Amendment rights of those NRA Members described above who are female. Females between the ages of 18 and 21 pose a relatively slight risk of perpetrating a school shooting such as the one that occurred at Marjory Stoneman Douglas High School, or, for that matter, a violent crime of any kind. For example, in 2015, women in this age group accounted for only 1.8% of arrests for violent crime, while males in the same age bracket accounted for 8.7% of such arrests—and males between the ages of 21 and 24, who may lawfully

purchase firearms under current law, accounted for 9.2%. *See* Federal Bureau of Investigation, *Crime in the United States: 2015* tbls. 39 and 40, *available at* https://goo.gl/8pVWnb; *see also* BUREAU OF JUSTICE STATISTICS, WOMEN OFFENDERS at 2, 13 (2009) (female offenders responsible for only 14% of violent crimes, and only 10% of female offenders aged 18-20), *available at* https://goo.gl/3qAJXu. Regardless of its facial validity, Florida's ban is therefore unconstitutional, void, and invalid as applied to women between the ages of 18 and 21.

### COUNT 3

### 42 U.S.C. § 1983 Action for Violation of Equal Protection under U.S. CONST. amend. XIV—Facial Challenge

33. Plaintiff incorporates by reference the allegations of the preceding paragraphs.

34. The Fourteenth Amendment guarantees to all citizens the right to equal protection of the laws.

35. FLA. STAT. § 790.065(13) bans law-abiding adults between the ages of 18 and 21 from purchasing firearms, but does not ban the purchase of the same firearms by law-abiding adults aged 21 and over.

36. This ban violates the equal protection rights of those NRA Members described above, and it is therefore facially unconstitutional, void, and invalid.

### COUNT 4

## 42 U.S.C. § 1983 Action for Violation of Equal Protection under U.S. CONST. amend. XIV—As-Applied Challenge

37. Plaintiff incorporates by reference the allegations of the preceding paragraphs.

38. The Fourteenth Amendment guarantees to all citizens the right to equal protection of the laws.

39. The individual right to keep and bear arms is fundamental, and discriminatory governmental classifications restricting the exercise of fundamental rights must be subjected to heightened judicial scrutiny.

40. FLA. STAT. § 790.065(13) bans law-abiding adults between the ages of 18 and 21 from purchasing firearms, but does not ban the purchase of the same firearms by law-abiding adults aged 21 and over.

41. This ban violates the equal protection rights of those NRA Members described above who are female. Females between the ages of 18 and 21 pose a relatively slight risk of perpetrating a school shooting such as the one that occurred at Marjory Stoneman Douglas High School, or, for that matter, a violent crime of any kind. For example, in 2015, women in this age group accounted for only 1.8% of arrests for violent crime, while males in the same age bracket accounted for 8.7% of such arrests—and males between the ages of 21 and 24, who may lawfully purchase firearms under current law, accounted for 9.2%. *See* Federal Bureau of Investigation, *Crime in the United States: 2015* tbls. 39 and 40, *available at*

https://goo.gl/8pVWnb; *see also* BUREAU OF JUSTICE STATISTICS, WOMEN OFFENDERS at 2, 13 (2009) (female offenders responsible for only 14% of violent crimes, and only 10% of female offenders aged 18-20), *available at* https://goo.gl/3qAJXu. Regardless of its facial validity, Florida's ban is therefore unconstitutional, void, and invalid as applied to women between the ages of 18 and 21 because it restricts their fundamental right to keep and bear arms without any compelling justification.

## PRAYER FOR RELIEF

42.    WHEREFORE, Plaintiff prays for an order and judgment:

    a.    Declaring that FLA. STAT. § 790.065(13) violates the Second and Fourteenth Amendments and is thus devoid of any legal force or effect;

    b.    Enjoining Defendants and their employees and agents from enforcing FLA. STAT. § 790.065(13);

    c.    Enjoining Defendants and their employees and agents from applying FLA. STAT. § 790.065(13) so as to prohibit NRA Members between the ages of 18 and 21 from purchasing firearms;

    d.    Awarding Plaintiff its reasonable costs, including attorneys' fees, incurred in bringing this action, pursuant to 42 U.S.C. § 1988; and

    e.    Granting such other and further relief as this Court deems just and proper.

Dated: March 9, 2018                     Respectfully submitted,

| | |
|---|---|
| David H. Thompson* | s/ Kenneth Sukhia |
| John D. Ohlendorf* | Kenneth Sukhia, Bar No. 266256 |
| Davis Cooper* | s/Vincent Locurto Bar No 0041040 |
| COOPER & KIRK, PLLC | SUKHIA & WILLIAMS LAW GROUP, PLLC |
| 1523 New Hampshire Avenue, N.W. | 902 N. Gadsden Street |
| Washington, D.C. 20036 | Tallahassee, Florida 32303 |
| (202) 220-9600 | (850) 383-9111 |
| (202) 220-9601 (fax) | ksukhia@sukhiawilliamslaw.com |
| dthompson@cooperkirk.com | |

*Pro hac vice* application forthcoming

*Attorneys for Plaintiff*