# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
### TALLAHASSEE DIVISION

**NATIONAL RIFLE ASSOCIATION**
**OF AMERICA, INC.,**

    *Plaintiff,*

v.                        Case No. 4:18cv137-MW/CAS

**PAM BONDI, in her official**
**capacity as Attorney General**
**of Florida, et al.,**

    *Defendants.*
_____/

## ORDER DENYING MOTION TO INTERVENE

Mitchell Williams, a twenty-six-year-old goat farmer from Palatka, FL, moves to intervene in this case. ECF No. 7. The Federal Rules of Civil Procedure provide for two types of intervention: intervention of right and permissive intervention. Fed. R. Civ. P. 24. A movant may intervene as a matter of right if (1) the movant "is given an unconditional right to intervene by a federal statute,"[1] or (2) the movant "claims an interest relating to the property or transaction that is the subject of the action, and is

---

[1] For example, 42 U.S.C. § 2000e-5(f)(1) "gives employees an unconditional right to intervene in EEOC enforcement actions." *EEOC v. PJ Utah, LLC*, 822 F.3d 536, 540 (10th Cir. 2016).

1

so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a). Mr. Williams has not identified (nor is this Court aware of) any federal statute giving him an unconditional right to intervene in this case. *See* ECF No. 7. Additionally, Mr. Williams has failed to show that disposing of this case without his involvement may as a practical matter impair or impede his ability to protect whatever interest[2] he has in this case. *See id.* As such, Mr. Williams is not entitled to intervene in this case as a matter of right.

The question then becomes whether this Court should exercise its discretion[3] to grant Mr. Williams permissive

---

[2] Mr. Williams asserts that he has an "obvious interest in seeing that students are not murdered that might have bought one or more of [his] goats." ECF No. 7, at 5. He also asserts that "he has a legal right to be able to move around without stray bullets flying over and being tripped by shells laying around." *Id.* Apparently, those are problems where Mr. Williams lives. *See id.* at 1 ("The place known as the Mondex has a reputation as a free for all place for shooting, hunting, partying, and MUD BOGGING. The Intervenor lives about ¼ mile from one of the worst of the gun pits.").

[3] "If there is no right to intervene as of right under Rule 24(a), it is wholly discretionary with the court whether to allow intervention under Rule 24(b) and even though there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied, the court may refuse to allow intervention." *Worlds v. Dep't of Health & Rehab. Servs.*, 929 F.2d 591, 595 (11th Cir. 1991) (quoting 7C C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 1913, at 376–77 (2d ed. 1986)).

intervention. Having read Mr. Williams's motion, it seems that his qualms are better suited for resolution by a legislature than by this Court. For instance, Mr. Williams complains that the "new state laws" at issue in this case "do not go anywhere near to being enough to get any real results as to reducing the outrages."[4] ECF No. 7, at 3–4. He proposes alternative solutions such as restrictions on the sale and usage of ammunition. *Id.* at 3. It is not this Court's job to fashion new laws. *Cf., e.g.*, *T-Mobile S., LLC v. City of Milton*, 728 F.3d 1274, 1284 (11th Cir. 2013) ("We are interpreting a statute, not designing one. Although we, like most judges, have enough ego to believe that we could improve a good many statutes if given the chance, statutory construction does not give us that chance if we are true to the judicial function. Our duty is to say what statutory language means, not what it should mean, and not what it would mean if we had drafted it."). That job has been strictly left to the legislature. *See* Fla. Const. art. II, § 3 ("The powers of the state government shall be divided into legislative, executive and judicial branches. No person belonging to one branch

---

[4] Nevertheless, Mr. Williams still offers his "PARTIAL support" for the new laws because "they show that not every person that is a member of the Florida Legislature is a total fool thinking that gun ownership, and use are such an absolute right they are never subject to reasonable restrictions." ECF No. 7, at 3–4.

3

shall exercise any powers appertaining to either of the other branches unless expressly provided herein."); Fla. Const. art. III, § 1 ("The legislative power of the state shall be vested in a legislature of the State of Florida . . . ."); *see also* U.S. Const. art. I, § 1 ("All legislative Powers herein granted shall be vested in a Congress of the United States . . . ."). If Mr. Williams wants to share his ideas with the Florida Legislature, he is more than welcome to.[5]

Accordingly,

**IT IS ORDERED:**

Mitchell Williams's motion to intervene, ECF No. 7, is **DENIED**.

**SO ORDERED on March 21, 2018.**

        **s/Mark E. Walker**
        **United States District Judge**

---

[5] The "Official Internet Site of the Florida Legislature" provides links to help residents contact their senator or representative should a resident want to "register an opinion, support for or against legislation, or to propose a change in legislation." Online Sunshine, *Contact Us*, leg.state.fl.us, http://www.leg.state.fl.us/cgibin/View_Page.pl?File=contact.html&Directory=Info_Center/help/&Location=app&Tab=info_center&Submenu=4 [https://perma.cc/Z3LL-7JNZ].

4