FOR THE NORTHERN DISTRICT OF FLORIDA

March 23, 2018

| NATIONAL RIFLE ASSOCIATION, | CASE NO: 4:18-CV-00137-MW-CAS |
| Plaintiff, | |
| | Hon. Judge Mark E. Walker |
| vs. | Hon. Mag. Judge Charles A. Stampelos |
| PAM BONDI; et. al., | |
| Defendants. | |

## MOTION FOR LEAVE TO FILE AMICUS BRIEF

May it Please the Court, Comes now; Stephen Daniel Leonard, Amici, in the above Cause Pursuant to Fed. R. Civ. P. Rule 24(b)(1)(B) and respectfully moves this Court for leave to file an amicus brief in this matter. As grounds in support of this Motion the amici shall set forth the following:

1. The Amicus Brief that Mr. Leonard plans to file in this matter is in support of the defendant's in this action, and stands squarely upon the Founding Fathers intent when adopting the Second Amendment of the United States Constitution on December 15th, 1791.

2. This Case is of great Public importance, and as such this Amicus Brief will be in support and aid of this Courts Landmark decisions in this matter on behalf of the American People, and more importantly, the Victims of Gun Violence all across America including our Students at Marjorie Stoneman Douglas High School.

3. The time has come for regulating firearms in a sensible and responsible manner that this Court now has the power to declare as necessary on behalf of our children and citizens best interests.

See: STATE VS. NEWSOME, 5 Ired 250, 27 N.C. 250, 1844 WL 1059 (1844); ANDREWS VS. STATE, 50 Tenn. 165, 1871 WL 3579, 3 Heisk 165, 8 A.M. Rep 8 (1871); U.S. VS. CRUIKSHANK, 92 U.S. 542, 533, 2 Otto 542, 1875 WL 17550, 23 L.Ed. 588 (1875) (The Chief Justice in delivering the judgment of the Court, said that the right of the People to keep and bear arms is NOT A RIGHT GRANTED BY THE CONSTITUTION... The Second Amendment declares that it shall not be infringed, but this, as has been seen, means no more than that it shall not be infringed by Congress.") (Quoting Cruikshank, 92 U.S. 542, 533, 2 Otto 542, 1875 WL 17550, 23 L.Ed 588 (1875)

4. In the Case of Andrews vs. State, 50 Tenn. 165, 1871 WL 3579, 3 Heisk 165, 8 A.M. Rep. 8 (1871) the Court held that: ("These cases strike out the true Principle that it is the bearing of arms, not for private broils and purposes of blood, but in defence of a Common Cause; as citizen soliders bearing arms for the defence; in common with eachother; not Commonly: i.e., on ordinary occassions.

They looked to history for the occasions when the People met, bearing arms for the Common defence; when they extorted from King John the great Charter; when they vanquished Charles 1, when they dethroned James 11. They refer to the laws to restrict Carrying arms in Certain places, and to Certain Persons, which gave rise to

no complaint, remonstrance or repeal, they refer to laws by which communities and classes were disarmed by discriminating regulations; and such laws were declared against, but in the very declaration on the right to legislate the subject is recognized.

It was this great political right that our Fathers aimed to protect; NOT THE CLAIMS OF ASSASSINS AND CUT THROAT TO CARRY THE IMPLEMENTS OF HIS TRADE." Id at 169-170.

5. Here, in the instant proceeding, We the People come full circle upon the very question presented to our Founding Fathers in the years between 1775 - 1791;

* A. Who are our Militia necessary to the Security of a free State? and
* B. Who other than our well regulated Militia shall need to bear arms as of right to protect our Security of a free State?

6. At that Point in 1791; when our Fathers adopted the Second Amendment of the United States Constitution, our Nation was in its infancy (16 years old). It was very expensive; some would claim "too expensive", to have and keep an Army employed full time at the expense of the American People. Thus the Founding Fathers ideated the Second Amendment; with the Congressional and Legislative intent, to allow "a well regulated Militia" the "right to bear arms necessary to the Security of a free State", in lieu of employing an Army, Navy and Marine Core on a full time basis.

See: <u>New York State Rifle Ass'n vs. Cuomo</u>, 804 F.3d 242 (2d Cir. 2015)

The question of "Militia" is raised and argued therein. However, the facts and laws here differ entirely when examined in the proper light of our Founding Fathers intent for the core fibers of our Institution founded upon Democracy's Philosophy.

7. If our Founding Fathers intended to protect "the security of a free state" by arming "a well regulated militia" who, then, were citizens, and, in 1791 the defacto Army and Law Enforcement Authorities, and today in the 21st Century we have a full-time Army and Law Enforcement Community working 24 hours a day, seven days a week to protect "the security of a free state", the only question which remains to be addressed is: Who are our modern day "Militia"?

The need to arm every lay citizen, or volunteer in todays Army or Law Enforcement Agency is NOT necessary for the security of a free state. The People of the United States have security provided for them through their local, county, state, federal, and International Agencies, which, in all due respect of the term, are the modern mirror of "a well regulated militia".

Here, in the 21st Century, the Modern Militia is our full-time Army, Navy, Marine Corps, Air Force and, more specifically, the Agencies under and within the Department of State, Department

of Justice, Department of Treasury; C.I.A.; F.B.I.; A.T.F., and the many local, State, and Federal Agencies not already mentioned above.

8. This Amici moves for leave to file an Amicus Brief in this matter in both fact and law, in depth, and more fully than the brief descriptions here.

See: Rule 24(b)(1)(B) Fed.R.Cv.P. which states:

"In general. On timely motion, the Court may permit anyone to intervene who: has a claim or defense that shares with the main action a common question of law or fact."

See also: AMERICAN SATTELITE CO. vs. U.S., 22 Cl Ct. 547, 549 (1991) ("There is no right to file an amicus brief in this Court. When making such a decision, Courts have considered factors such as opposition of the Parties, interest of the movants, Partnership, adequacy of representation, and timelyness. Id at 549. See also: LEIGH vs. ENGLE, 535 F.Supp. 418, 420 (N.D. Ill. 1982); FLUOR CORP vs. U.S. 35 Fed. Cl. 284 (1996).

The interest of the movant is unquestionable, the opposition of the Parties is intense, the Partnership (on this issue) is solid. The movant isn't going to allow a Special Interest Group or their Political Agenda's tarnish the integrity of the Atty. Gen. or

the memory of the victims in the United States of America.

9. As set forth above this Amicus Brief will address all aspects of the National Rifle Association's Complaint and their briefs that they file.

10. As set forth above the Amici will carefully, clearly and consciencely attempt to guide the National Rifle Association; and their supporters, to a more rational, unbias solution to the Epic and Pre-historic misinterpretation of the Second Amendment of our United States Constitution.

WHEREFORE, the amici respectfully moves this Court for leave to file an amicus brief on behalf of the Attorney General of Florida, Commissioner of the Florida Department of Law Enforcement, the Governor of Florida, the Victims of Gun Violence, and the American People.

Respectfully Submitted,

Stephen Daniel Leonard, Prose

5501 College Road
Key West, FL. 33040

Pg. 6 of 7

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been furnished to the following parties through the Monroe County Sheriff's Office "mailbox filing" pursuant to Fullan vs. U.S., 378 U.S. 139, 84 S.Ct. 1689 (1964) on this 23rd day of March 2018:   *(ECF filing needed)

1. National Rifle Association C/o Legal Counsel Kenneth Wayne Sukhia, Esq.
   Sukhia Law Group - Tallahassee, FL.
   2846 Remington Green Cir. Tallahassee, FL. 32308

2. National Rifle Association C/o Legal Counsel Clifford Vincent Locurto, Esq.
   Locurto Law Firm PA - Tallahassee, FL.
   113 South Monroe Street 1st Floor Tallahassee, FL. 32301

3. Florida Attorney General, Pamela J. Bondi, Esq.
   The Capitol PL-01 Tallahassee, FL. 32399

4. Commissioner, Florida Department of Law Enforcement, Rick Swearingen
   2331 Phillips Rd. Tallahassee, FL. 32308

DR. STEPHEN D. LEONARD
# 15044162
5501 College Road
Key West, FL. 33040

MIAMI FL 331
27 MAR 2018 PM 1 L



CHECKED MAR -  - 2018

United States District Court
Clerk of Court
United States Courthouse Tallahassee

*Legal Mail*

NRA VS. BONDI, et. al.
18 CV-00137-MW-CAS
Motion for Leave to File Amicus Brief

32301-773097

111 North Adams Street
Tallahassee, FL. 32301