IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| NATIONAL RIFLE ASSOCIATION OF AMERICA, INC, <br><br> *Plaintiff,* <br><br> v. <br><br> PAM BONDI, *et al.*, <br><br> *Defendants*. | ) ) ) ) ) ) Civil Action No. 4:18-cv-137-MW-CAS ) ) ) ) |

**PLAINTIFF'S MOTION WITH
INCORPORATED MEMORANDUM OF LAW
REQUESTING LEAVE TO AMEND ITS COMPLAINT**

Pursuant to FED. R. CIV. P. 21 and N.D. FLA. LOC. R. 7.1 and 15.1, Plaintiff respectfully moves this Court for leave to amend its Complaint in this action to add one additional plaintiff and two additional defendants. In support of this request, Plaintiff states as follows:

1. Plaintiff National Rifle Association of America, Inc. ("NRA") brought this litigation on March 9, 2018, to challenge Florida's recently enacted ban on the purchase of firearms by 18-to-21-year-old adults. While Defendants Pam Bondi and Rick Swearingen have recently agreed to waive service of process (Doc. 16), no defendant has yet filed an answer or other response to the Complaint.

2. Plaintiff seeks to amend its Complaint by adding three parties: one additional plaintiff, Jane Doe, and two additional defendants, William P. Cervone

1

and Jack Campbell, the State Attorneys for the eighth and second judicial circuits. The legal allegations and claims for relief in Plaintiff's proposed Amended Complaint remain substantively identical to those in its originally-filed Complaint. A draft of Plaintiff's proposed Amended Complaint is being filed concurrently with this motion. Because Ms. Doe wishes to participate in this litigation anonymously, Plaintiff is also concurrently filing a motion for leave to proceed under a pseudonym.

3. Where, as here, no Defendant has answered or otherwise responded to the complaint, FED. R. CIV. P. 15(a)(1) ordinarily allows the plaintiff to amend its complaint "as a matter of course." Because Plaintiff's proposed amendment would add parties to the litigation, however, it is also arguably governed by Rule 21, which allows parties to be added by leave of the Court, "on just terms."

4. The case law is mixed on whether Rule 15(a)(1) or Rule 21 controls in the present circumstances. In *McLellan v. Mississippi Power & Light Co.*, 526 F.2d 870, 873 (5th Cir. 1976), *vacated in part on other grounds,* 545 F.2d 919 (5th Cir. 1977) the pre-split Fifth Circuit held that no leave is necessary to amend because "Rule 15 is the more specific rule, since it sets forth a particular means by which a party attempts to add or drop parties—by amendment to his pleadings—as opposed to Rule 21's more general treatment of the overall subject matter of dropping and adding parties." Cases from this Court have followed *McLellan*'s rule and not

required leave to amend. *See Blue Marine Shipping SA de CV v. Gulmar Offshore Middle E. LLC*, 2010 WL 1687737, at *4 (N.D. Fla. Apr. 26, 2010).

5.  In *Jaffree v. Wallace*, however, the Eleventh Circuit called *McLellan*'s rule into doubt in situations where the parties seek to add an additional plaintiff, rather than an additional defendant. 837 F.2d 1461, 1466 (11th Cir. 1988). Accordingly, Plaintiff seeks this Court's leave to amend, out of an abundance of caution.

Even those cases that find Rule 21 controlling in these circumstances conclude that the standard for granting leave under Rule 21 comes from Rule 15: "The court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2); *see, e.g.*, *Lytle v. Lowe's Home Centers, Inc.*, 2014 WL 222022, at *2 (M.D. Fla. Jan. 21, 2014). "The policy behind Fed. R. Civ. P. 15(a) is to freely allow amendments unless the rights of the adverse party would be unduly prejudiced." *Thompson v. New York Life Ins. Co.*, 644 F.2d 439, 444 (5th Cir. Unit B 1981); *see also Shipner v. E. Air Lines, Inc.*, 868 F.2d 401, 407 (11th Cir. 1989) ("[U]nless a substantial reason exists to deny leave to amend, the discretion of the [d]istrict [c]ourt is not broad enough to permit denial.").

6.  Here, the amendment will cause no prejudice to Defendants. Defendants have not yet filed an Answer or other response, and they have ample time to adjust any draft pleadings or papers to account for the presence of the

additional parties. And because Ms. Doe's allegations and claims are materially identical to those of Plaintiff NRA, her addition to the case does not materially change the nature or scope of the litigation.

## Certificate of Compliance with Local Rule 7.1(C)

Undersigned counsel represents that he has conferred with Amit Agarwal, Counsel for Defendants Bondi and Swearingen, and that Mr. Agarwal does not oppose this Motion for Leave to Amend.

WHEREFORE, Plaintiff respectfully requests the Court's leave to amend its Complaint and to add Ms. Doe, Mr. Cervone, and Mr. Campbell as parties to this action.

| | |
|---|---|
| Dated:  April 26, 2018 | Respectfully submitted, |
| David H. Thompson, Bar No. 6319891<br>John D. Ohlendorf*<br>Davis Cooper, Bar No. 114059<br>COOPER & KIRK, PLLC<br>1523 New Hampshire Avenue, N.W.<br>Washington, D.C. 20036<br>(202) 220-9600<br>(202) 220-9601 (fax)<br>dthompson@cooperkirk.com | s/ Kenneth Sukhia<br>Kenneth W. Sukhia, Bar No. 266256<br>C. Vincent LoCurto, Bar No. 0041040<br>SUKHIA & WILLIAMS LAW GROUP, PLLC<br>902 N. Gadsden Street<br>Tallahassee, Florida 32303<br>(850) 383-9111<br>ksukhia@sukhiawilliamslaw.com |
| *Pro hac vice application forthcoming | |

*Attorneys for Plaintiffs*

4

CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on April 26, 2018 a true and correct copy of the foregoing was filed using the Northern District Clerk's EM/ECF filing system which will generate an automated email notice and service copy to record counsel below:

Amit Agarwal, *Amit.Agarwal@myfloridalegal.com*
Edward M. Wenger, *Edward.Wenger@myfloridalegal.com*
Office of the Attorney General
The Capitol, PL-01
Tallahassee, FL 32399

*Attorneys for Defendants*

                                             s/ Kenneth Sukhia
                                             Kenneth W. Sukhia