212 Arthur Drive Apt. 3A
Thomasville, NC 27360
May 31, 2018

The Honorable Mark E. Walker, U.S. District Judge
U.S. District Court
111 N. Adams St.
Tallahassee, Florida 32301

Re: National Rifle Association (NRA) v Biondi et al. No. 4:18-cv-00137-MW-CAS

Dear Judge Walker:

**ISSUE** - This letter addresses the recent ruling in the reference case. This dealt with the NRA filing using pseudonyms. I don't understand why they can't be used in this case. Asked differently what is the standard?

**EXAMPLE** - Consider the case of Plyler v Doe, 457 U.S. 202 (1982). Doe and et al. were undocumented minors. Doe's parent(s) did not make an appearance due to their illegal presence in the U.S. Instead there were some self-appointed guardians standing in as legal representatives for Doe. Why did Doe have standing as a minor? This is instead of having an adult named as representing Doe? How did Doe as an illegal even have standing? **If our laws had been respected or enforced, he would not have been in the U.S.! Isn't this proof of dereliction of duty?** How **was the administrative complied with before the curtain was lifted on the substantive?** This includes all courts that heard this case.

**OTHER ISSUES** – This Doe case has other issues.

    **1. CAPTA** - Consider CAPTA, Child Abuse Prevention and Treatment Act. This was passed in 1974. This federal law is implemented at the state level. One component of child neglect is an adult having the child present during the commission of a crime.

    Why isn't the undocumented adult who enters the U.S. with a minor involving the child in a crime? This includes using public property; benefits of common good such as fire, police and public health; and schools, i.e. stealing educational services. Could this explain unaccompanied minors? Conversely doesn't this CAPTA standard imply immediate and automatic return? Or how can a person in the U.S. assume responsibility for the minor without becoming a party to this child neglect standard?

    Consider the issue of educational services differently. **How can the illegal, unauthorized presence, be a resident?** Aren't these mutually exclusive terms? Or **do words lack meaning?** This lack of meaning moots the rule of law. Consider a citizen who is not a resident of the school district in which he is enrolled. Isn't this grounds for dismissal from the school and possible criminal action against the adult? **Doesn't this create a conflict between the illegal and citizen who is an adult?** How is this equal protection compared to the undocumented/illegal? How was this CAPTA standard addressed then or is being addressed now by states? Isn't this current practice a double standard? **Why didn't this Plyler case eviscerate equal protection?** How else can CAPTA inaction of illegals be explained?



How does a person who illegally enters a residence have a claim of ownership or right to use or benefit by their mere presence? Isn't this legal/illegal presence factor the **differentiating characteristic** between stealing and not stealing? **How can there be one standard for public property and the opposite standard with private property?** Isn't this legal conflict? Think **supremacy verses equal protection.** Equal protection begins at the state level. Where the federal government has an unequal protection standard, doesn't this conflict with equal protection? Isn't Affirmative Action one application? Viewed differently, how does an unauthorized person have standing to sue the homeowner? This might be due to having injured himself in a fall due to a slippery floor. If the injured person had respected the property rights of owner, how could he be present?

We now have the Arizona v U.S. standard, 567 U.S. 387 (2012). This makes addressing the issue of illegals exclusively the responsibility of the federal government. How does this avoid creating a conflict between supremacy and equal protection? Consider **DACA,** Deferred Action for Childhood Arrivals. Doesn't the presence of this group **prove** the **failure to enforce the border, failure of states to provide equal protection** for all within its borders and the **supremacy v equal protection conflict?**

Both the CAPTA and illegal entry challenges go well beyond the basic issue of this letter. It is to **identify substantive issues** that went **unaddressed by the Judicial branch** of government. Did everyone miss this or just look the other way to achieve an objective? What about subsequent challenges? How does the citizen have standing to challenge the above? **Shouldn't the citizen have standing since Doe had standing without having documentation?**

**OTHER CASES** – Consider some other cases.

1. Case #: 2:89-cv-00859 are adults representing minors. Enclosed are the first two pages of the original filing and a more current page. This case was filed about 28 years ago. As such all listed minors would be adults. This was filed as a class-action for all similarly situated parties. This case and its issue is now under control of the Connecticut District Court. These minors differed from Doe in that they were wards of the state, specifically the Department of Children and Families, previously known as the Department of Children and Youth Services. This function implements CAPTA for Connecticut.

2. Case #: 1:15-cv-01063 plaintiffs include the North Carolina A. Philip Randolph Institute, Democracy North Carolina, Action NC and specific individuals. The issue is voting rights. Organizations cannot vote the last I heard. Thus they should have been disqualified unless they represent a shield like the National Rifle Association. How else did these organizations have standing? Enclosed is the first page of one filing in this case.

3. Case #: 1:15-cv-01858 lists the plaintiff as Exodus Refugee Immigration, Inc. How does this organization have standing unless it has people behind this group acting as a curtain? This "Inc." factor suggests an organization as defined by state law. So how can it be a refugee? Isn't refugee limited to being a person? In addition it is based on being incorporated with the U.S. How could it qualify as a refugee in federal court? I recognize corporations can qualify as people for purposes of civil lawsuits. Is this classification valid where the issue is an act by the corporation/group per se it cannot qualify for? In this case it is being a refugee. Above it was voting. Enclosed is one page from one of the filings in this case.

      4. Case #: 1:16-cv-01274 is another voting rights case. Two of the plaintiffs are the North Carolina State Conference of the NAACP and the Moore County Branch of the NAACP. Again these groups can't vote. Or are they a shield for individuals? Which standard prevails? Is it that of being cover, pseudonym, for a group of John and Jane Does or being an independent party? Isn't being both mutually exclusive? Or how does one know which exists? Enclosed is the first page of this case. This and the above enclosures came from and are on PACER.

      5 U.S. Code §551(2) defines people. Is this limited for groups composed of individuals for things the group per se cannot do such as voting or being a refugee? If limited how did the above have standing? If not limited, why shouldn't the NRA have this same right as these other groups? Or how is this differentiated and by whom?

**SUMMARY** - The issue of this letter is use of pseudonym. Don't Plyler v Doe and the other examples provide case law of this acceptability? If there is a case law conflict, shouldn't this have been resolved or be resolved now? **Doesn't perpetuating by avoidance of conflict resolution prove the rule of man?** Perpetuating lets the adjudicator cite the case law favorable to his desires as the legal standard.

**CLOSING** - Please challenge anything you disagree with.

      Thank you for your consideration.

                                                  Yours very truly,

                                                  John T. Price

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED

DEC 19  10 ⁞7 ⁞⁞ '89

U.S. DI⁞⁞⁞
HART⁞

---

| | |
|---|---|
| JUAN F., a minor, by and through his next friends BRIAN LYNCH, M.S.W., and ISABEL ROMERO; <br> BECKY M., a minor, by and through her next friends MORRIS WESSEL, M.D., and NANCY ORSI; <br> BENJAMIN B., a minor, by and through his next friends BARRY KASDAN, M.S.W., and EDYTHE LATNEY, M.H.S.A.; <br> JASON B., a minor, by and through his next friends GEORGE PIPKIN and JOHN LEVENTHAL, M.D.; <br> ANNA R., a minor, by and through her next friends CESAR BATALLA and JULIA RAMOS GRENIER Ph.D; <br> DOMINIQUE S., a minor, by and through his next friends NANCY HUMPHREYS, D.S.W., and MARGARET PENN, M.S.W.; <br> PATRICK S., a minor, by and through his next friends JERRY REISMAN, Ph.D, and JULIA HAMILTON; <br> DANIEL C., a minor, by and through his next friends PATRICK BOLOGNA, M.S.W., and CYNTHIA McKENNA, M.S.W.; <br> FLORENCE J., a minor, by and through her next friends MICHAEL ROHDE, M.H.S.A. and JUDITH HYDE, M.A.; <br> on behalf of themselves and all others similarly situated, <br><br>           Plaintiffs <br><br>    v. | <br><br><br><br><br><br><br><br><br><br><br> CIVIL NO. <br><br> H 89 ⁞⁞⁞ <br><br><br><br><br><br> DECEMBER 19, 1989 |

WILLIAM O'NEILL, Governor, State :
    of Connecticut,                :
AMY B. WHEATON, Ph.D, Commissioner,:
    Department of Children and Youth:
    Services, State of Connecticut, :
in their official capacities       :
                                   :
            Defendants              :
                                   :
                                   :
                                   :
_____:

## CLASS ACTION COMPLAINT

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| NORTH CAROLINA STATE CONFERENCE OF THE NAACP, ROSANELL EATON, JOHN DOE 1, JANE DOE 1, JOHN DOE 2, JANE DOE 2, JOHN DOE 3, and JANE DOE 3,<br><br>Plaintiffs,<br><br>v.<br><br>PATRICK LLOYD MCCRORY, in his official capacity as the Governor of North Carolina, KIM WESTBROOK STRACH, in her official capacity as Executive Director of the North Carolina State Board of Elections, JOSHUA B. HOWARD, in his official capacity as Chairman of the North Carolina State Board of Elections, RHONDA K. AMOROSO, in her official capacity as Secretary of the North Carolina State Board of Elections, JOSHUA D. MALCOLM, in his official capacity as a member of the North Carolina State Board of Elections, PAUL J. FOLEY, in his official capacity as a member of the North Carolina State Board of Elections and MAJA KRICKER, in her official capacity as a member of the North Carolina State Board of Elections,<br><br>Defendants. | **COMPLAINT**<br><br>Case No.:   1:13-cv-658 |

**INTRODUCTION**

1. This lawsuit seeks to protect and preserve the voting rights of North Carolina citizens—rights imperiled by the passage of new legislation that imposes unjustified and discriminatory electoral burdens on large segments of the state's population and will cause the denial, dilution, and abridgement of African-Americans' fundamental right to vote.

EFILE,HBF,REFCNF

## U.S. District Court
### District of Connecticut (Hartford)
### CIVIL DOCKET FOR CASE #: 2:89-cv-00859-SRU

Juan F., et al v. Rell, Governor, et al
Assigned to: Judge Stefan R. Underhill
Referred to: Judge Holly B. Fitzsimmons (Settlement)
Demand: $0
Case in other court:  01-07088
                     01-07088
                     93-07714
                     93-07714
                     93-07714
                     93-07714
                     96-07998
                     96-07998
Cause: No cause code entered

Date Filed: 12/19/1989
Jury Demand: None
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

**Plaintiff**

F., Juan, By Next Friends Brian Lynch & Isabel Romero           represented by  **Adam J. Blank**
Wofsey, Rosen, Kweskin & Kuriansky
600 Summer St.
Stamford, CT 06901
203-327-2300
Fax: 203-967-9273
Email: ablank@wrkk.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Erik S. Pitchal**
Children's Rights
404 Park Avenue South, 11th Floor
New York, NY 10016
212-683-2210
*TERMINATED: 10/31/2007*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gena E. Wiltsek**
Childrens' Rights, Inc.
88 Pine St., Suite 800
New York, NY 10005
212-683-2210
Fax: 212-683-4015
Email: gwiltsek@childrensrights.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ira P. Lustbader**
Childrens' Rights, Inc.
88 Pine St., Suite 800
New York, NY 10005
212-683-2210
Fax: 212-683-4015
Email: ilustbader@childrensrights.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeffrey B. Gracer**
Sive, Paget & Riesel
460 Park Avenue
10th Floor
New York, NY 10022
646-378-7280
Fax: 212-421-1891
Email: jgracer@sprlaw.com
*TERMINATED: 10/31/2007*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

# U.S. District Court
# North Carolina Middle District (NCMD)
# CIVIL DOCKET FOR CASE #: 1:15-cv-01063-LCB-JLW

A. PHILIP RANDOLPH INSTITUTE et al
Assigned to: JUDGE LORETTA C. BIGGS
Referred to: MAG/JUDGE JOE L. WEBSTER
Cause: 28:1331 Fed. Question

Date Filed: 12/15/2015
Jury Demand: None
Nature of Suit: 441 Civil Rights: Voting
Jurisdiction: Federal Question

**Plaintiff**

NORTH CAROLINA A. PHILIP
RANDOLPH INSTITUTE

represented by **ALLISON JEAN RIGGS**
SOUTHERN COALITION FOR
SOCIAL JUSTICE
1415 W. HWY. 54, STE. 101
DURHAM, NC 27707
919-323-3380 ext. 117
Fax: 919-323-3942
Email: allison@southerncoalition.org
*ATTORNEY TO BE NOTICED*

**Plaintiff**

DEMOCRACY NORTH CAROLINA

represented by **ALLISON JEAN RIGGS**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

ACTION NC

represented by **ALLISON JEAN RIGGS**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

SHERRY DENISE HOLVERSON

represented by **ALLISON JEAN RIGGS**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

ALEXANDRIA MARIE LANE

represented by **ALLISON JEAN RIGGS**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

ISABEL NAJERA

represented by **ALLISON JEAN RIGGS**
(See above for address)
*ATTORNEY TO BE NOTICED*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| EXODUS REFUGEE IMMIGRATION, INC.,    ) <br> ) <br> Plaintiff,   ) <br> ) <br> v.   ) <br> ) <br> MIKE PENCE in his official capacity as   ) <br> Governor of the State of Indiana,   ) <br> JOHN WERNERT in his official capacity as   ) <br> the Secretary of the Indiana Family and Social   ) <br> Services Administration,   ) <br> ) <br> Defendants.   ) | Case No. 1:15-cv-01858-TWP-DKL |

## **ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

This matter is before the Court on a Motion for Preliminary Injunction filed pursuant to Federal Rule of Civil Procedure 65(a) by Plaintiff Exodus Refugee Immigration, Inc. ("Exodus"). (Filing No. 6.) In late 2015, Indiana Governor Mike Pence ("Governor Pence") directed Indiana state agencies to not pay federal grant funds to local refugee resettlement agencies, such as Exodus, for social services these agencies provide to the Syrian refugees they help resettle in Indiana. Governor Pence asserts that he issued this directive to deter the national resettlement organizations from placing Syrian refugees in Indiana. Shortly thereafter, Exodus filed its Complaint against defendants Governor Pence and John Wernert, the Secretary of the Indiana Family and Social Services Administration, (collectively, the "State"), asserting that the State's action was preempted by federal law and discriminated against Syrians in violation of the Equal Protection Clause of the Fourteenth Amendment and Title VI of the Civil Rights Act of 1964.

Exodus seeks to enjoin the State's action pending the resolution of this case. The parties submitted evidence, and the Court held a hearing on Exodus's motion. For the reasons that follow,

18BD,MEDIATION

# U.S. District Court
# North Carolina Middle District (NCMD)
# CIVIL DOCKET FOR CASE #: 1:16-cv-01274-LCB-JLW

NORTH CAROLINA STATE CONFERENCE OF THE NAACP, et al v. THE NORTH CAROLINA STATE BOARD OF ELECTIONS, et al
Assigned to: JUDGE LORETTA C. BIGGS
Referred to: MAG/JUDGE JOE L. WEBSTER
Cause: 42:1971 Voting Rights Act

Date Filed: 10/31/2016
Jury Demand: None
Nature of Suit: 441 Civil Rights: Voting
Jurisdiction: Federal Question

**Plaintiff**

NORTH CAROLINA STATE CONFERENCE OF THE NAACP

represented by CAITLIN SWAIN-MCSURELY
ADVANCEMENT PROJECT
1220 L ST., NW, STE. 850
WASHINGTON, DC 20005
202-728-9557
Fax: 202-728-9558
Email: cswain@forwardjustice.org
*ATTORNEY TO BE NOTICED*

CONNIE K. CHAN
ALTSHULER BERZON LLP
177 POST ST., STE. 300
SAN FRANCISCO, CA 94108
415-421-7151
Fax: 415-362-8064
Email: cchan@altber.com
*ATTORNEY TO BE NOTICED*

ERIC P. BROWN
ALTSHULER BERZON LLP
177 POST ST., STE. 300
SAN FRANCISCO, CA 94108
415-421-7151
Fax: 415-362-8064
Email: ebrown@altber.com
*ATTORNEY TO BE NOTICED*

IRVING L. JOYNER
IRVING JOYNER, ATTORNEY AT LAW
P.O. BOX 374
CARY, NC 27512
919-319-8353
Fax: 919-530-6339
Email: ijoyner@nccu.edu
*ATTORNEY TO BE NOTICED*

LEAH J. KANG
FORWARD JUSTICE

