IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| NATIONAL RIFLE ASSOCIATION OF AMERICA, INC., *and* <br><br> RADFORD FANT, <br><br> *Plaintiffs*, <br><br> v. <br><br> RICK SWEARINGEN, in his Official Capacity as Commissioner of the Florida Department of Law Enforcement, *and* <br><br> ASHLEY MOODY, in her Official Capacity as Attorney General of Florida, <br><br> *Defendants*. | Civil Action No. 4:18-cv-137-MW-CAS |

## SECOND AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiffs, the National Rifle Association of America, Inc., and Radford Fant, by and through the undersigned attorneys, file this Complaint against the above-captioned Defendants, in their official capacities as state officials responsible under Florida law for administering and enforcing the State's laws and regulations governing the sale of firearms. Plaintiffs seek declaratory and injunctive relief: a declaration that Florida's law banning adult, law-abiding citizens under the age of 21 from purchasing firearms of any kind is unconstitutional under the Second and Fourteenth Amendments to the United States Constitution, and an injunction

1

compelling Defendants to refrain from enforcing that invalid ban and to allow Plaintiff Fant and Plaintiff NRA's members to exercise their constitutional right to purchase firearms to defend themselves, their families, and their homes. In support of their Complaint against Defendants, Plaintiffs hereby allege as follows:

## INTRODUCTION

1. The Second Amendment "guarantee[s] the individual right to possess and carry" firearms, and "elevates above all other interests the right of law-abiding, responsible citizens to use arms in defense of hearth and home." *District of Columbia v. Heller*, 554 U.S. 570, 592, 635 (2008).

2. The State of Florida, however, has recently prohibited an entire class of law-abiding, responsible citizens from fully exercising the right to keep and bear arms—namely, adults who have reached the age of 18 but are not yet 21. Florida's new law flatly bans such persons from purchasing firearms, whether from federally licensed firearms dealers or from any other source.

3. At 18 years of age, law-abiding citizens in this country are considered adults for almost all purposes and certainly for the purposes of the exercise of fundamental constitutional rights. At 18, citizens are eligible to serve in the military—to fight and die by arms for the country. Indeed, male citizens in this age-group are designated members of the militia by federal statute, 10 U.S.C. § 246(a), and may be conscripted to bear arms on behalf of their country, 50 U.S.C. § 3803(a).

Yet, newly-enacted Section 790.065(13) of Florida's criminal code prohibits law-abiding adults in this age group from lawfully purchasing a firearm of any kind.

4. This blanket ban violates the fundamental rights of thousands of responsible, law-abiding adult Florida citizens and is thus invalid under the Second and Fourteenth Amendments.

## JURISDICTION AND VENUE

5. This Court has subject-matter jurisdiction over Plaintiffs' claims under 28 U.S.C. §§ 1331 and 1343.

6. Plaintiffs seek remedies under 28 U.S.C. §§ 1651, 2201, and 2202 and 42 U.S.C. §§ 1983 and 1988.

7. Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) & (b)(2).

## PARTIES

8. Plaintiff National Rifle Association of America, Inc. ("NRA") is a nonprofit association incorporated under the laws of New York. Founded in 1871, the NRA is the oldest civil rights organization in America and the Nation's foremost defender of Second Amendment rights. Among other things, the NRA promotes the safe and responsible purchase, possession, and use of firearms by law-abiding adults for lawful purposes, such as self-defense, target practice, marksmanship competition, and hunting. The NRA is the leading provider of firearms marksmanship and safety training for civilians and law-enforcement officers. The

NRA has a membership of approximately five million persons, many thousands of whom reside throughout the State of Florida. Its principal place of business is 11250 Waples Mill Road, Fairfax, VA 22030.

9.  Plaintiff Radford Fant is a citizen of the United States and a resident and citizen of the State of Florida. He resides in Duval County, FL. Mr. Fant is a law-abiding, responsible citizen between the ages of 18 and 21.

10. Defendant Rick Swearingen is the Commissioner and Executive Director of the Florida Department of Law Enforcement. As Commissioner, he exercises, delegates, or supervises all the powers and duties of the Department, which is charged under Florida law with administering Florida's criminal laws governing the purchase and sale of firearms. His official address is 2331 Phillips Road, Tallahassee, FL 32308. He is being sued in his official capacity.

11. Defendant Ashley Moody is the Attorney General of Florida. As Attorney General, she is responsible for directing and supervising the prosecution of all offenses against Florida's criminal law, including the ban on purchasing firearms at issue in this case. Her official address is Office of Attorney General, State of Florida, The Capitol PL-01, Tallahassee, FL 32399. She is being sued in her official capacity.

## FACTUAL ALLEGATIONS
### Florida's Ban on Purchasing Firearms

12. On March 9, 2018, Florida Governor Rick Scott signed into law Senate Bill 7026.

13. Senate Bill 7026, among other provisions, amends FLA. STAT. § 790.065 to add a new Subsection (13), which provides as follows:

> A person younger than 21 years of age may not purchase a firearm. The sale or transfer of a firearm to a person younger than 21 years of age may not be made or facilitated by a licensed importer, licensed manufacturer, or licensed dealer. A person who violates this subsection commits a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084. The prohibitions of this subsection do not apply to the purchase of a rifle or shotgun by a law enforcement officer or correctional officer . . . or a servicemember . . . .

14. An individual who purchases any firearm in violation of this ban is subject to imprisonment for up to 5 years, a fine of up to $5,000, or both. FLA. STAT. §§ 775.082, 775.083.

15. Florida law independently limits access to firearms for individuals who are considered unsafe, mentally unstable, or otherwise incapable of safely operating a firearm. For instance, a firearm generally may not be purchased or possessed, under Florida law, by (1) any individual who has ever been convicted of a felony, *id.* § 790.23(1)(a); (2) anyone who is subject to an injunction against committing acts of domestic violence, *id.* § 790.233; (3) minors under the age of 18, *id.* § 790.22(3); or

(4) individuals who have been adjudicated mentally defective or are committed to a mental institution, *id.* § 790.065(2)(a)(4).

16. Independent provisions of federal law also already significantly constrain the right of adult citizens under the age of 21 to purchase firearms. Under 18 U.S.C. § 922(b)(1), a federally licensed firearm dealer may not sell to any individual under the age of 21 any handgun, though a private seller may do so. Florida's new ban broadens these preexisting limits, by (1) extending the ban to rifles and shotguns, in addition to handguns, and (2) prohibiting these law-abiding, adult citizens from purchasing these firearms from *any* source, not just federally licensed dealers (i.e., those who are "engaged in the business of selling firearms at wholesale or retail." 18 U.S.C. § 921(a)(11)).

17. The effect of Florida's age-based ban is to impose a significant, unequal, and impermissible burden on the right to keep and bear arms of a class of millions of law-abiding 18-to-21-year-old adult citizens.

## The Impact of the Ban on Plaintiffs

18. Radford Fant is a citizen and resident of Florida and a member of the NRA. He has never been convicted of a felony and has never been adjudicated as mentally defective or committed to a mental institution. But for the challenged age-based ban, he could lawfully purchase a firearm under Florida and federal law. He

6

is not a law-enforcement or correctional officer or servicemember within the meaning of Section 790.065(13), Fla. Stat., and is therefore not exempt from the ban.

19. Mr. Fant desires to exercise his constitutionally protected right to purchase a handgun for self-defense and other lawful purposes. But for the blanket ban in Section790.065(13), Fla. Stat., he would purchase a handgun from a private seller. Mr. Fant also desires to exercise his constitutionally protected right to purchase long-guns for self-defense and other lawful purposes. But for the blanket ban, Mr. Fant would purchase long-guns. But for a reasonable fear of prosecution, Mr. Fant would purchase both a handgun and long-guns. Mr. Fant is, and will continue to be, damaged by the deprivation of his Second Amendment rights.

20. The NRA has approximately 5 million members, many thousands of whom reside in Florida.

21. The NRA's members include 18-to-21-year-old law-abiding adult citizens who reside in Florida and who desire to purchase handguns, long-guns, or both for self-defense and other lawful purposes, including Mr. Fant.

22. These members are both male and female, and, apart from their age, they meet all other state and federal requirements for purchasing or possessing firearms. Many of these members are not law-enforcement or correctional officers or servicemembers within the meaning of FLA. STAT. § 790.065(13), and they are therefore not exempt from Florida's ban.

23. But for Section 790.065(13)'s ban, some of these members would purchase handguns, rifles, or shotguns for lawful purposes. But for Section 790.065(13)'s ban, some of these members would purchase handguns from a lawful source other than a federally licensed firearm dealer, such as a private seller or a family member.

24. Section 790.065(13)'s ban on firearm sales to adults within this age bracket infringes on the Second Amendment rights of Mr. Fant and other similarly situated NRA members. The NRA brings this action on behalf of these members.

## COUNT 1
### 42 U.S.C. § 1983 Action for Violation of
### U.S. CONST. amends. II and XIV—Facial Challenge

25. Plaintiffs incorporate by reference the allegations of the preceding paragraphs.

26. The Second Amendment's guarantee of "the right of the people to keep and bear Arms" secures to law-abiding, responsible, adult citizens the fundamental constitutional right to purchase and acquire firearms for all manner of lawful purposes, including self-defense in the home. U.S. CONST. amend. II.

27. This Second Amendment right applies against the State of Florida under U.S. CONST. amend. XIV.

28. FLA. STAT. § 790.065(13) bans law-abiding, responsible, 18-to-21-year-old adult citizens from purchasing any firearm from any source.

29. This ban infringes upon, and imposes an impermissible burden upon, the Second Amendment rights of Plaintiff Fant and of the NRA members described above, and it is therefore facially unconstitutional, void, and invalid.

## COUNT 2
### 42 U.S.C. § 1983 Action for Violation of Equal Protection under U.S. CONST. amend. XIV—Facial Challenge

30. Plaintiffs incorporate by reference the allegations of the preceding paragraphs.

31. The Fourteenth Amendment guarantees to all U.S. citizens the right to equal protection of the laws.

32. FLA. STAT. § 790.065(13) bans law-abiding, 18-to-21-year-old adults from purchasing firearms but does not ban the purchase of the same firearms by law-abiding adults aged 21 and over.

33. This ban violates the equal protection rights of Plaintiff Radford Fant and of those NRA members described above, and it is therefore facially unconstitutional, void, and invalid.

## PRAYER FOR RELIEF

34. WHEREFORE, Plaintiffs pray for an order and judgment:

    a. Declaring that FLA. STAT. § 790.065(13) violates the Second and Fourteenth Amendments and is therefore unconstitutional on its face, invalid, and devoid of any legal force or effect;

b. Enjoining Defendants and their employees and agents from enforcing FLA. STAT. § 790.065(13);

c. Awarding Plaintiff Radford Fant nominal and compensatory damages pursuant to 18 U.S.C. § 1983;

d. Awarding Plaintiffs their reasonable costs, including attorneys' fees, incurred in bringing this action, pursuant to 42 U.S.C. § 1988; and

e. Granting such other and further relief as this Court deems just and proper.

Dated: November 19, 2019

                                      Respectfully submitted,

                                      /s/*Eliot B. Peace*

John Parker Sweeney
James W. Porter, III
Marc A. Nardone
BRADLEY ARANT BOULT CUMMINGS LLP
1615 L Street, NW
Washington, DC 20036
Tel: (202) 393-7150
jsweeney@bradley.com
jporter@bradley.com
mnardone@bradley.com
(*Pro Hac Vice* Applications Forthcoming)
(Lead Counsel)

Eliot B. Peace (FBN: 124805)
BRADLEY ARANT BOULT CUMMINGS LLP
100 N. Tampa Street, Suite 2200
Tampa, FL 33602
Telephone: (813) 559-5500

        epeace@bradley.com
        (Local Counsel)

        Kenneth W. Sukhia (FBN: 266256)
        Sukhia & Williams Law Group, PLLC
        902 N. Gadsden St.
        Tallahassee, FL 32303
        (850) 383-9111
        ksukhia@suhkiawilliamslaw.com

        *Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 19, 2019, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.

/s/*Eliot B. Peace*

*Counsel for Plaintiffs*