IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA

NATIONAL RIFLE ASSOCIATION
OF AMERICA, Inc., *et al.*,

    *Plaintiffs*,

    v.                                        CASE NO.: 4:18-cv-137-MW/CAS

RICK SWEARINGEN, in his official
capacity as Commissioner of the
Florida Department of
Law Enforcement, *et al.*,

    *Defendants*.

_____/

**PROPOSED JOINT AMENDED SCHEDULING ORDER**

Plaintiffs, the National Rifle Association of America, Inc., and Radford Fant, and Defendants, Rick Swearingen, in his official capacity as Commissioner of the Florida Department of Law Enforcement, and Ashley Moody, in her official capacity as Attorney General of Florida (collectively, the Parties) submit this proposed joint initial scheduling order.

1.    **RESPONSE DEADLINE**: Plaintiffs filed the second amended complaint on November 19, 2019. Defendants will have **60 days** to respond to the second amended complaint. Accordingly, Defendants will submit their response no later than **January 20, 2019**.

1

2.      **DISCOVERY PERIOD**: The parties must begin discovery immediately upon the filing of Defendants' responsive pleading. The parties are further directed to conduct discovery so that the due date of any discovery requested shall not be later than **May 20, 2020**. The conduct of any discovery which would require a later due date shall be permitted only on order of the Court. An extension of time will ordinarily be granted only for good cause and upon showing of diligence during the initial discovery period. *See* N.D. Fla. Loc. R. 6.1. The filing of motions *shall not* operate to toll or extend the discovery cut-off date set forth in this paragraph.

3.      **RULE 26 REQUIREMENTS**: This scheduling order is entered prior to the conference of parties and the filing of the joint report required under Rule 26, Federal Rules of Civil Procedure, so that discovery may proceed immediately and without unnecessary delay. Modifications may be made to this order upon consideration of the parties' joint report. The following will be required of all parties to this litigation:

a.      **Conference of Parties/Filing of Joint Report**: Counsel of record and any unrepresented parties shall confer (personally, by phone, or electronically) within **30 days from the date of this order**, as required by Rule 26(f), and the joint report to the Court [*see* Form 52] shall be filed within **14 days** thereafter. The plaintiff shall initiate arrangements for the conference and filing of the report, but

the Court shall hold all parties equally responsible for ensuring that the conference is held and the report filed as required. If the parties are unable to agree, each party's position shall be set out in the filed joint report. In addition to the matters set out in Rule 26(f), the following shall also be discussed at the conference and specifically addressed in the joint report:

    i.    The matter of magistrate judge jurisdiction over the case. In accordance with Rule 73.1(A) of the Local Rules, the parties are directed to confer regarding their willingness to consent to magistrate judge jurisdiction, and the joint report should reflect this discussion. However, the joint report should state only that the parties have conferred regarding this issue. The parties may withhold consent if they so choose. Under no circumstances should the parties indicate their respective positions on the matter of consent in the joint report. If all parties, after conferring with one another, elect to consent to magistrate judge jurisdiction, the attached form of consent should be signed by all parties and filed in the Clerk's office. It shall be plaintiff's responsibility to forward the form to defendant(s), who, in turn, shall have the responsibility of filing the document. The form should be filed only if all parties have consented and signed the form. **If any party elects not to consent, the form should not be returned.**

    ii.    The nature and basis of all claims and defenses, and a good faith attempt to identify the principal factual and legal issues in dispute.

      iii.    The possibility for prompt settlement or resolution of the case, and whether mediation (or any other alternative dispute resolution process) might be helpful in settlement, either now or after certain limited discovery has taken place.

      iv.    Proposed timetables and cutoff dates for the joinder of other parties, amendments to the pleadings, and the filing of motions and responses, and in particular, whether this initial scheduling order should be revised or amended in any way.

      v.    The parties' respective discovery requirements in this case, and if the parties deem this initial scheduling order to be inadequate, they shall develop an alternate proposal which specifically addresses the timing and form of discovery, whether discovery should be conducted in phases or limited in any respect, and what, if any, changes should be made in the discovery procedures and time deadlines set out in this initial scheduling order, or in the applicable rules.

      vi.    Whether any party will likely request or produce information from electronic or computer-based media. If so:

          1. whether disclosure or production will be limited to data reasonably available to the parties in the ordinary course of business [absent a showing of good cause, the Court will not require the production of back-up or historic legacy data, nor will it require the production of data that is not reasonably available in the ordinary course of business in reasonably usable form];

     2. if data beyond what is reasonably available to the parties in the ordinary course of business is to be sought, the anticipated scope, cost and time required for its disclosure or production, and who will bear the cost;

     3. the format and media agreed to by the parties for the production of any electronic or computer-based data, as well as agreed-upon procedures for such production;

     4. whether reasonable measures have been taken to preserve potentially discoverable data from alteration or destruction in the ordinary course of business or otherwise;

     5. procedures to deal with inadvertent production of privileged information; and

     6. other problems which the parties anticipate may arise in connection with electronic or computer-based discovery.

   vii. A good-faith estimate as to when the parties believe the case will be ready for trial (month and year). This date will be set out in the joint report, and if it is not within **8 months** from the date of filing of this case, an explanation must be included.

   viii. Any other matters which the parties deem appropriate with regard to specific aspects or the uniqueness of this case and including any applicable subject within Rule 16(c).

ix. The parties are directed to inform the Court in their joint report if it appears that this case should be made subject to the Manual for Complex Litigation.

b. **Rule 26(a)(1) Disclosures**. The initial disclosures required by Rule 26(a)(1) shall be provided (unless otherwise stipulated), without awaiting a discovery request, to all other parties within **14 days** from the date of the parties' conference required under Rule 26(f).

c. **Rule 26(a)(2) Disclosures.** Rule 26(a)(2) disclosures of expert witnesses and their opinions shall be made by the plaintiff within **60 days** from the date of this scheduling order, and by the defendant or defendants within **30 days** thereafter. Third parties or parties added or joined later shall disclose their experts under Rule 26(a)(2) within 60 days after appearance in this case, or within 30 days after the disclosure by the opposing party, whichever is the longer period. Expert witnesses not timely disclosed as required by Rule 26(a)(2), or whose opinions have been significantly modified or changed after discovery has ended, will normally not be permitted to testify at trial.

d. **Rule 26(a)(3) Disclosures.** The Rule 26(a)(3) pretrial disclosures are not required at this time. The Court will enter an order after the completion of discovery which will set a pretrial conference and will specify the parties' comprehensive trial disclosure and preparation requirements.

4. **ADDITIONAL COURT ACTION OR SCHEDULING CONFERENCE.** The Court will promptly consider the parties' filed joint report, and will take one of the following courses of action within **14 days** thereafter:

a. Enter a final scheduling order by modifying this initial scheduling order as the presiding judge deems appropriate in light of the parties' joint report, or by adopting the parties' report, or by confirming the requirements of this order.

b. Set the matter for a Rule 16 scheduling conference, either for the attorneys' (and any unrepresented parties') personal attendance, or to be conducted by telephone. A final scheduling order will be entered thereafter.

c. If the Court takes no action within **14 days** from the filing of the joint report, this initial scheduling order will continue in full force and effect until some further order of this Court.

d. If any party so requests by motion, a scheduling conference or preliminary pretrial conference may be held, by telephone or in person, to address any of the matters set out in Rule 16(a), (b), and (c), Federal Rules of Civil Procedure.

5. **INTERROGATORIES**. The number of interrogatories shall be governed by Rule 33(a), Federal Rules of Civil Procedure.

6. **SCHEDULE OF PRETRIAL MATTERS**. In accordance with Rule 16(b), Federal Rules of Civil Procedure, the following schedule shall apply to this

case, unless excluded by Local Rule 16.1, or unless any party shall file an objection or request for a different schedule within **44 days** from the date of this order, *viz*:

    a. Joinder of other parties and amendments of pleadings shall be accomplished by the service and filing of the appropriate motions or pleadings within the time required by the Federal Rules of Civil Procedure or the Local Rules of this Court, except as noted below.

    b. All motions and responses shall be served and filed within the time required by the Federal Rules of Civil Procedure or the Local Rules of this Court.

    c. Motions for summary judgment shall be filed as promptly as possible, but, unless otherwise permitted by Court order, not later than **20 days** after the close of discovery.

    d. Unless otherwise ordered by the Court, no motions to compel discovery may be filed after the close of discovery.

    e. Motions filed may be disposed of without hearing. [*See* N.D. Fla. Loc. R. 7.1.]

    f. If the rules and this order do not provide a time for the filing or service of motions or pleadings, then such motions or pleadings shall be served and filed within the period provided for the completion of discovery.

    7.   **<u>ATTORNEYS' DISCOVERY OBLIGATIONS</u>**. The Rules of Civil Procedure set out explicit time limits for responses to discovery requests. If an

attorney cannot respond on time, this fact should be communicated by the most expeditious means to opposing counsel; and if consent to an extension of time cannot be obtained, a motion requesting the same should be immediately filed and served. In the meantime, no motion to compel a response shall be filed. Stipulations extending the time for responses to discovery may be made only as authorized by Federal Rule of Civil Procedure 29 and Local Rule 6.1.

8. **RULE 37 AWARDS OF MOTION EXPENSES**. The Court will ordinarily award counsel fees for time spent in filing (and arguing) a motion to compel if such a motion is necessary to make the recalcitrant party respond, or for time spent in opposing (and arguing) such a motion that is found to be unnecessary or without basis. Certification of all discovery requests, responses, and objections is required under Rule 26(g), and violations thereof will be subject to sanctions.

9. **RESOLUTION OF DISCOVERY CONTROVERSIES.** Counsel should attempt to resolve discovery controversies without the Court's intervention. The Court will entertain a motion with respect to matters which remain in controversy only if, after consultation and sincere attempts to resolve differences, counsel are unable to reach an accord. Any motion filed shall include certification that such attempts have been made, in accordance with Local Rule 7.1(B) and (C), and Federal Rule of Civil Procedure 37, and shall be in the form required by Local Rule 26.2(G)(3). Counsel's attention is also directed to the supplementation

requirements of Rule 26(e) and their obligations under Rule 26(g), as well as counsel's potential liability for excessive costs under 28 U.S.C. § 1927.

10. **ATTORNEY'S FEE RECORDS.** The recently revised Local Rule 54.1 applies. A party must not file attorney's fee records until needed.

11. **SUMMARY JUDGMENT.** The recently revised Local Rule 56.1 applies to summary judgment motions.

12. **NON-FILING OF RULE 26 DISCLOSURES AND DISCOVERY MATERIALS**. In accordance with Federal Rule of Civil Procedure 5(d), the parties shall serve but **shall not file with the Clerk** copies of disclosures under Federal Rules of Civil Procedure 26(a)(1) and 26(a)(2) or discovery materials (including notices of deposition, deposition transcripts, interrogatories, responses to interrogatories, production requests, responses to production requests, admissions requests, or responses to admissions requests), unless and until needed for consideration of pending motions by the Court. The parties need not serve and **shall not file with the Clerk** separate notices of serving interrogatories or interrogatory responses, notices of serving production requests or responses, or notices of serving admissions requests or responses.

13. **ELECTRONIC FILING.** Each party represented by an attorney is **required** to file documents electronically, not in paper form, with limited exceptions. Compliance with this requirement is mandatory. Paper filings are a

burden on the Clerk of the Court, delay the transmission of the documents to the judge, and waste the judge's time. The clerk is directed to report to the judge for appropriate action any paper filings in this matter that occur more than 14 days after the date of this order.

14. **<u>DISCLOSURE STATEMENT.</u>** Each nongovernmental corporate party must file a statement that identifies any parent corporation and any publicly held corporation that owns 10% or more of its stock or states that there is no such corporation. The deadline for filing the statement is set forth in Fed. R. Civ. P. 7.1, and, if not filed sooner, the statement must in any event be filed within **14 days** of the date of this order. A supplemental statement must be filed upon any change in the information that the statement requires.

15. **<u>AMENDMENTS.</u>** This order may be amended by the Court on its own motion or upon motion of any party.

Dated: November 19, 2019

                                                                        Respectfully submitted,

/s/*Eliot B. Peace*                                    /s/*Amit Agarwal*

John Parker Sweeney                           Amit Agarwal (FBN 125637)
James W. Porter, III                              Solicitor General
Marc A. Nardone                                    Edward M. Wenger (FBN 855868)
Bradley Arant Boult Cummings            Chief Deputy Solicitor General
1615 L Street, NW                                  Office of the Attorney General
Washington, DC 20036                         The Capitol, P1-01
Tel: (202) 393-7150                                  Tallahassee, FL 32399

jsweeney@bradley.com
jporter@bradley.com
mnardone@bradley.com
(*Pro Hac Vice* Applications Pending)
(Lead Counsel)

Eliot B. Peace (FBN: 124805)
BRADLEY ARANT BOULT CUMMINGS
100 N. Tampa Street, Suite 2200
Tampa, FL 33602
Telephone: (813) 559-5500
epeace@bradley.com
(Local Counsel)

Kenneth W. Sukhia (FBN: 266256)
Sukhia & Williams Law Group, PLLC
902 N. Gadsden St.
Tallahassee, FL 32303
(850) 383-9111
ksukhia@suhkiawilliamslaw.com

*Counsel for Plaintiffs*

Tel: (850) 414-3681
amit.agarwal@myfloridalegal.com

*Counsel for the Defendants*

12