IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

NATIONAL RIFLE ASSOCIATION
OF AMERICA, INC., et al.,

       Plaintiffs,

v.                               Case No.  4:18cv137-MW/CAS

RICH SWEARINGEN,  in his official
capacity as Commissioner of the
Florida Department of Law Enforcement,
et al.,

       Defendants.
_____/

## AMENDED SCHEDULING AND MEDIATION ORDER

The parties have filed their Rule 26(f) Joint Report, ECF No. 71, which sets forth deadlines that have already been granted in either ECF Nos. 62 or 69. This order clarifies the dates for the parties.  Accordingly,

**IT IS ORDERED:**

1.   The **bench** trial is set for the trial period that begins on **Monday, October 19, 2020**.  A party with a conflict during that trial period must file a notice within 14 days of the date of this order.

2.  The discovery deadline is extended to **May 20, 2020**. The deadline for initial disclosures is extended to February 3, 2020. Plaintiff's expert disclosures

deadline is extended to February 20, 2020 with Defendants' expert disclosures due March 23, 2020.

3. **The joint scheduling report, ECF No. 71, will control the matters it addresses, except to the extent of any conflict with this order.**

4. A pleading may be amended only by the deadline set out in the joint scheduling report or on a motion showing good cause for not amending by that date. When the Federal Rules of Civil Procedure allow an amendment only with leave of court, a pleading may be amended only with leave of court.

5. Disclosures under Federal Rule of Civil Procedure 26 must be supplemented within a reasonable time after learning information calling for supplementation and in time to ensure the opposing party is not prejudiced by any failure to supplement immediately after the information was or with diligence should have been discovered.

6. The deadline for filing summary-judgment motions is **July 3, 2020**, but *the motions should be filed at the earliest appropriate time.  It is rarely necessary that such motions await the completion of all discovery.*

7. Local Rule 56.1 applies to summary-judgment motions. Additionally, the parties **must** use the following procedures for filing summary judgment papers:

(a) ***First***, **file a notice listing exhibits to be filed in support of or in opposition to summary judgment. Include the exhibits as attachments to the**

**notice on CM/ECF.   Exhibits that cannot be filed on CM/ECF must be submitted to the Clerk along with a hard-copy notice of filing.**

(b)   *Second*, file the summary judgment memorandum (motion, response, or reply) pinciting to the ECF number for the exhibit attached to the notice listing the exhibits.

(c)   To the extent it is technologically feasible, each party must:

(i) <mark>Highlight</mark> the portion of the exhibit it wishes this Court to see; and

(ii) File deposition transcripts in a form where the text of the testimony is searchable with the control-F function.

(d) The parties should take note that this Court reviews the cited portions of the record. Discrepancies between factual assertions in the parties' memoranda and the actual record do not go unnoticed. The parties should take care to distinguish between record evidence and inferences which can reasonably be made from that evidence.

8.  Local Rule 54.1 applies to attorney's fee records.  A party must not file attorney's fee records until needed.

9.  Deadlines will be determined based on this order (including the joint scheduling report to the extent made applicable by this order), other applicable

orders, and the governing rules.  Docket entries made by the clerk of the court are for the clerk's internal use and are not controlling.

10.  By a separate Order for Pretrial Conference to be issued later, a deadline will be set for an attorney conference leading to the filing of a pretrial stipulation and related papers.  The deadline for the attorney conference (as established by the Order for Pretrial Conference) also will be the deadline for disclosures under Federal Rule of Civil Procedure 26(a)(3).  The deadline for objections under Federal Rule of Civil Procedure 26(a)(3) is seven days later.

11.  **A motion in limine or other pretrial motion shall be filed no later than 15 days prior to the pretrial conference, with a response to the motion filed no later than 5 days thereafter, to allow consideration of the motion at or prior to the pretrial conference.**

12.  The attorneys' attention is directed to the American College of Trial Lawyers Code of Pretrial Conduct and Code of Trial Conduct, which set out standards of professionalism that are available on the court's website and at http://www.actl.com/home/news-publications/position-statements-white-papers.

13. Unless the requirement for mediation is abrogated based on a motion showing good cause, the parties must mediate under the following procedures:

(a)     The parties may select a mediator by agreement.  If the parties have not agreed 21 days before the discovery deadline, the plaintiff must immediately file a notice so indicating, and the Court will appoint a mediator.

(b)     Unless otherwise agreed, the fee of the mediator must be paid equally by the parties.  The fee must be paid in the manner determined by the mediator.

(c)     **The first mediation conference must begin within 14 days after the discovery deadline, June 3, 2020, and may begin at any earlier time.**

(d)     The following MUST attend the mediation conference unless excused in advance on a motion showing good cause:

(1)     The attorney of record primarily responsible for the conduct of this case on behalf of a party.

(2)     Each party.  A corporation, other private organization, or state or local governmental entity or officer in his or her official capacity must attend through a representative having full authority to settle the entire case for the party without further consultation.  The mediator may waive the requirement that the attending representative's full authority to settle be "without further consultation." Unless the mediator directs otherwise, the parties by agreement also may waive the requirement that the attending representative's full authority to settle be "without

further consultation." Unless otherwise ordered, an Assistant United States Attorney may attend for the government.

(3) If a party is insured a representative of the insurer having full authority to settle without further consultation. The mediator may waive the requirement that the insurer's representative's full authority to settle be "without further consultation." Unless the mediator directs otherwise, the parties by agreement also may waive the requirement that the attending insurer's representative's full authority to settle be "without further consultation."

(e)   A person's failure to attend the mediation conference as required ordinarily will result in the imposition of sanctions.

(f)   The parties must confer in advance on the submission of written materials to the mediator and must proceed in accordance with any agreement they reach or the instructions of the mediator. In the absence of an agreement or instructions, no written submissions are required, but either party may submit materials, which the mediator may consider as the mediator deems appropriate.

(g)   The mediator may control the procedures to be followed in mediation, may adjourn the mediation conference and set a time for reconvening, and may suspend or terminate mediation whenever the mediator believes further mediation is not likely to lead to a settlement.

(h)     Everything said during mediation—other than the terms of any settlement agreement itself—will be off the record and inadmissible as settlement negotiations.  Mediation proceedings—other than any settlement agreement itself—must not be recorded electronically or by a court reporter.

(i)     This referral to mediation does not extend any deadline.

(j)     Any partial or complete settlement must immediately be reduced to writing in the presence of the mediator and must be signed by each party and an attorney for each party.

**(k)     <u>Mediation must be completed within 28 days after the discovery deadline,</u> June 17, 2020.  The mediator or a party must file a report within 14 days after mediation ends indicating when mediation was conducted and the outcome (that is, whether the case was settled or impasse was declared). If the case is settled in full, notice to the court must be immediate.**

(l)     An attorney for each party must, within 14 days of the date of this order, consult with the party about the advantages (including savings of costs and attorney's fees) and disadvantages of proceeding with mediation immediately rather than awaiting the deadlines set in this order.  On a party's motion, the court

will consider ordering that mediation commence immediately or at a time earlier than required by this order.

**SO ORDERED on January 10, 2020.**

<u>**s/ MARK E. WALKER**</u>
**Chief United States District Judge**