IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

NATIONAL RIFLE ASSOCIATION
OF AMERICA, INC., et al.

     *Plaintiffs*,

v.                        CASE NO.:  4:18cv137-MW/CAS

RICK SWEARINGEN, in his official
capacity as Commissioner of the
Florida Department of Law
Enforcement, et al.,

     *Defendants*.

_____/

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTION TO DISMISS**

This is a constitutional challenge to section 790.065(13), Florida Statutes. Section 790.065(13) prohibits the purchase of firearms by persons under the age of 21. Plaintiffs claim section 790.065(13) violates the Second and Fourteenth Amendments to the United States Constitution. Specifically, Plaintiffs' Complaint asserts facial and as-applied challenges under the Second Amendment[1] (Counts 1 and 2) and the Equal Protection Clause (Counts 3 and 4). *See* ECF No. 1. Plaintiffs seek declaratory and injunctive relief against Defendant Rick Swearingen, in his official capacity as Commissioner of the Florida Department of Law Enforcement

---

[1] The Second Amendment applies to the States via the Due Process Clause of the Fourteenth Amendment. *McDonald v. City of Chicago*, 561 U.S. 742, 791 (2010)

(the "Commissioner"), and Ashley Moody, in her official capacity as Attorney General of Florida (the "Attorney General").[2] Defendants move to dismiss for failure to state a claim and, with respect to Plaintiffs' claims against the Attorney General, move to dismiss for lack of subject matter jurisdiction on sovereign immunity grounds.

This Court has considered, without hearing, Defendants' Motion to Dismiss, ECF No. 73, and Plaintiffs' Response, ECF No. 93. For the following reasons, Defendant's Motion is **GRANTED in part** and **DENIED in part**.

## I. Legal Standard

This Court accepts the allegations in the Complaint as true and construes them in the light most favorable to Plaintiffs. *See Hunt v. Amico Props., L.P.*, 814 F.3d 1213, 1221 (11th Cir. 2016). "To withstand a motion to dismiss under Rule 12(b)(6), a complaint must include 'enough facts to state a claim to relief that is plausible on its face.' " *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A 'claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' " *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Plaintiff's allegations must amount to 'more than labels and conclusions, and a formulaic

---

[2] Ashley Moody was substituted for Pamela Jo Bondi as the proper party Defendant with respect to the official-capacity claim against the Florida Attorney General pursuant to Federal Rule of Civil Procedure 25(d)(1). *See* ECF Nos. 46, 48.

recitation of the elements of a cause of action will not do.' " *Id.* (quoting *Twombly*, 550 U.S. at 555). This Court limits its "consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (citations omitted).

A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction "can be asserted on either facial or factual grounds." *Carmichael v. Kellogg, Brown & Root Servs., Inc.*, 572 F.3d 1271, 1279 (11th Cir. 2009) (citation omitted). A facial challenge occurs when, as here, Defendants base their challenge to subject matter jurisdiction solely on the allegations in the Complaint. *Id.* In considering Defendants' facial challenge, this Court must take Plaintiffs' allegations as true. *Id.*

## II. Factual Background

The pertinent facts, accepted as true and construed in the light most favorable to Plaintiffs, are as follows. In the wake of the tragic school shooting at Marjory Stoneman Douglas High School in Parkland, Florida, Governor Rick Scott signed into law the Marjory Stoneman Douglas High School Public Safety Act. This law, among other provisions, amended section 790.065 to add a new subsection (13), which provides as follows:

> A person younger than 21 years of age may not purchase a firearm. The sale or transfer of a firearm to a person younger than 21 years of age may not be made or facilitated by a licensed importer, licensed manufacturer, or licensed dealer. A person who violates this subsection

3

commits a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084. The prohibitions of this subsection do not apply to the purchase of a rifle or shotgun by a law enforcement officer or correctional officer, as those terms are defined in s. 943.10(1), (2), (3), (6), (7), (8), or (9), or a servicemember as defined in s. 250.01.

§ 790.065(13), Fla. Stat. (2019).

An individual who purchases any firearm in violation of this ban is subject to imprisonment for up to 5 years, a fine of up to $5,000, or both. §§ 775.082–83, Fla. Stat. (2019).

Independent provisions of federal law also constrain the right of adult citizens under the age of 21 to purchase firearms. Under 18 U.S.C. § 922(b)(1), a federally licensed firearm dealer may not sell to any individual under the age of 21 any handgun. Florida's ban broadens the federal prohibition to (1) include rifles and shotguns and (2) prohibit the purchase of firearms from any source, not just federally licensed dealers.

Consequently, 18-to-20-year-old adult citizens in Florida are now prohibited from purchasing any firearm from any source.

### III. Eleventh Amendment Immunity

"Under the Eleventh Amendment, 'a state may not be sued in federal court unless it waives its sovereign immunity or its immunity is abrogated by an act of

Congress under section 5 of the Fourteenth Amendment.' "[3] *Osterback v. Scott*, 782 F. App'x 856, 858 (11th Cir. 2019) (quoting *Grizzle v. Kemp*, 634 F.3d 1314, 1319 (11th Cir. 2011)). However, under the legal "fiction" created by the United States Supreme Court in *Ex parte Young*, 209 U.S. 123 (1908), "a suit alleging a violation of the federal constitution against a state official in his official capacity for injunctive relief on a prospective basis is not a suit against the state, and, accordingly, does not violate the Eleventh Amendment." *Osterback*, 782 F. App'x at 858 (quoting *Grizzle*, 634 F.3d at 1319).

Critically, however, the *Ex parte Young* exception only applies when the state officer in question possesses, "at a minimum, . . . some connection with the enforcement of the provision at issue." *Id.* at 858–59 (quoting *Socialist Workers Party v. Leahy*, 145 F.3d 1240, 1248 (11th Cir. 1998)). "Unless the state officer has some responsibility to enforce the statute or provision at issue, the 'fiction' of *Ex parte Young* cannot operate." *Id.* at 859 (quoting *Summit Med. Assocs., P.C. v. Pryor*, 180 F.3d 1326, 1341 (11th Cir. 1999)). "Where the named defendant lacks any responsibility to enforce the statute at issue, 'the state is, in fact, the real party in

---

[3] While "the Eleventh Amendment is not jurisdictional in the sense that courts must address it *sua sponte*, [the Eleventh Circuit] h[as] held that Eleventh Amendment immunity sounds in jurisdiction since it entitles the recipient to bypass the burdens of litigation." *Curling v. Sec'y of Ga.*, 761 F. App'x 927, 930 (11th Cir. 2019) (per curiam); *see Thomas v. U.S. Postal Serv.*, 364 F. App'x 600, 601 n.3 (11th Cir. 2010) ("[A] dismissal on sovereign immunity grounds should be pursuant to Rule 12(b)(1) because no subject-matter jurisdiction exists.").

5

interest,' and the suit remains prohibited by the Eleventh Amendment." *Id.* (quoting *Summit Med. Assocs.*, 180 F.3d at 1341).

The Attorney General argues that the *Ex parte Young* doctrine does not apply because she does not possess the requisite connection to the enforcement of section 790.065(13). While it is a close call, this Court—given the peculiar facts of this case—agrees that the Attorney General does not fall within the ambit of *Ex parte Young*. Accordingly, the Eleventh Amendment bars Plaintiffs' claims against the Attorney General. Plaintiffs' claims against the Attorney General are therefore **DISMISSED** for lack of subject matter jurisdiction.

### IV. Adequacy of Plaintiffs' Claims

#### A. Second Amendment Claims (Counts 1 and 2)

The crux of Plaintiffs' Second Amendment Claims is that section 790.065(13) completely bars 18-to-20-yearolds from acquiring a firearm by purchase and therefore impermissibly infringes on their Second Amendment rights. This Court concludes that Plaintiffs have plausibly alleged that section 790.065(13) is unconstitutional either on its face or as-applied to Plaintiffs. Accordingly, Defendant's Motion is **DENIED** as to Counts 1 and 2 of Plaintiffs' Complaint.

#### B. Equal Protection Claims (Counts 3 and 4)

Plaintiffs argue section 790.065(13) violates the Equal Protection Clause because it treats 18-to-20-year-olds differently from other adults. This Court's

analysis of Plaintiffs' Equal Protection claims will be intertwined with its analysis of Plaintiffs' Second Amendment claims. *See Morrissey v. United States*, 871 F.3d 1260, 1268 (11th Cir. 2017) (explaining that strict scrutiny applies when a classification impermissibly interferes with the exercise of a fundamental right). Because Plaintiffs have plausibly alleged that section 790.065(13) impermissibly interferes with the exercise of their fundamental Second Amendment rights, this Court similarly finds that Plaintiffs have plausibly alleged that section 790.065(13) violates the Equal Protection Clause either on its face or as-applied to Plaintiffs. Accordingly, Defendant's Motion is **DENIED** as to Counts 3 and 4 of Plaintiffs' Complaint.

## V. Conclusion

It is important to keep in mind the narrow issue before the Court at this stage of the proceedings. This Court is not asked to, and does not, decide whether section 790.065(13) is constitutional. Rather, the question is whether Plaintiffs' Complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. At this early stage of the proceedings, Plaintiffs "ha[ve] plausibly pled enough in [their] [C]omplaint to get into the courthouse and be heard." *See Cambridge Christian Sch., Inc. v. Fla. High Sch. Athletic Ass'n, Inc.*, 942 F.3d 1215, 1252 (11th Cir. 2019).

For these reasons,

**IT IS ORDERED**:

1. Defendant's Motion to Dismiss, ECF No. 73, is **GRANTED in part** and **DENIED in part**.

2. Defendant's Motion to Dismiss is **GRANTED** as to Plaintiffs' claims against the Attorney General. Plaintiffs' claims against the Attorney General are **DISMISSED without prejudice** for lack of subject matter jurisdiction.

3. Defendant's Motion to Dismiss is **DENIED** as to Plaintiffs' claims against the Commissioner.

**SO ORDERED on May 1, 2020.**

                                          **s/Mark E. Walker**
                                          **Chief United States District Judge**