IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA

NATIONAL RIFLE ASSOCIATION
OF AMERICA, Inc., *et al.*,

   *Plaintiffs*,

v.                                    CASE NO.: 4:18-cv-137-MW-MAF

RICK SWEARINGEN, in his official
capacity as Commissioner of the
Florida Department of
Law Enforcement, *et al.*,

   *Defendants*.

_____/

**JOINT MOTION TO ABROGATE MEDIATION REQUIREMENT**

Pursuant to Local Rule 7.1, the Parties file this Joint Motion to Abrogate Mediation Requirement. In support of this Motion, the Parties state:

1. Per the Court's Second Amended Scheduling Order, the Parties are required to begin mediation no later than July 3, 2020 and complete mediation no later than July 17, 2020. (ECF No. 89 ¶¶ 12(c), (k).)

2. If the Parties are unable to agree upon a mediator, Plaintiffs must file a notice with the Court no later than 21 days prior to the discovery deadline, in which case, the Court will appoint a mediator. (ECF No. 89 ¶ 12(a).) The deadline for the Parties to agree upon a mediator is Friday, May 29, 2020.

1

3. However, the Court may abrogate the requirement for mediation "based on a motion showing good cause." (ECF No. 89 ¶ 12.)

4. Good cause exists for the Court to abrogate the mediation requirement.

5. As indicated in the Parties Rule 26(f) Joint Report, "The Parties do not see any likelihood of settlement and, therefore, no advantage to mediating this case." (ECF No. 71 ¶ 3(c).)

6. The Parties' respective positions regarding mediation have not changed. This case is not one in which mediation would be fruitful. Plaintiffs assert a facial challenge to the constitutionality of Section 790.065(13), Fla. Stat., under the Second and Fourteenth Amendments to the United States Constitution. (ECF No. 54.) Defendant asserts Section 790.065(13) does not violate the Constitution. These positions are not reconcilable, and no middle ground exists between them.

7. Accordingly, the issues involved in this case are not amenable to mediation. Mediation would not be a productive exercise, nor would it be a worthwhile use of the Parties', or the Court's, resources. *See, e.g.*, Fed. R. Civ. P. 1 ("[The Federal Rules of Civil Procedure] should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.").

**WHEREFORE**, the Parties respectfully request the Court grant this Motion and abrogate the mediation requirement.

Dated: May 29, 2020

<div style="display: flex;">

<div>

*/s/ John Parker Sweeney*
John Parker Sweeney
James W. Porter, III
Marc A. Nardone
BRADLEY ARANT BOULT CUMMINGS
1615 L Street, N.W.
Washington, D.C. 20036
Tel: (202) 393-7150
jsweeney@bradley.com
jporter@bradley.com
mnardone@bradley.com
(Admitted Pro Hac Vice)
*Counsel for Plaintiffs*

Eliot B. Peace (FBN: 124805)
BRADLEY ARANT BOULT CUMMINGS
100 N. Tampa Street, Suite 2200
Tampa, FL 33602
Telephone: (813) 559-5500
epeace@bradley.com
*Counsel for Plaintiffs*

</div>

<div>

/s/ *Amit Agarwal*
Amit Agarwal (FBN 125637)
SOLICITOR GENERAL
Amit.Agarwal@myfloridalegal.com
Christopher J. Baum (FBN 1007882)
SENIOR DEPUTY SOLICITOR GENERAL
Christopher.Baum@myfloridalegal.com
Elizabeth Teegen (FBN 833274)
CHIEF ASST. ATTORNEY GENERAL
Elizabeth.Teegen@myfloridalegal.com
Timothy L. Newhall (FBN 391255)
SENIOR ASST. ATTORNEY GENERAL
Timothy.Newhall@myfloridalegal.com
Barbara Jean Throne (FBN 776505)
SENIOR ASST. ATTORNEY GENERAL
Barbara.Throne@myfloridalegal.com
Office of the Attorney General
The Capitol, PL-01
Tallahassee, FL 32399-1050
Telephone: (850) 414-3681
*Counsel for Defendants*

</div>

</div>

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 29, 2020, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.

/s/*Eliot B. Peace*

*Counsel for Plaintiffs*