IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA

NATIONAL RIFLE
ASSOCIATION OF AMERICA, Inc.,
*et al.*,

    Plaintiffs,

v.                                      Case No. 4:18-cv-137-MW/MAF

RICK SWEARINGEN, in his
official capacity as Commissioner
of the Florida Department of
Law Enforcement,

    Defendant.

_____/

**DEFENDANT'S MOTION TO FILE OUT OF TIME
ANSWER AND MEMORANDUM OF LAW IN SUPPORT**

Pursuant to Rule 6(b)(1)(B), Defendant Rick Swearingen, in his official capacity as Commissioner of the Florida Department of Law Enforcement (Defendant Swearingen), moves for leave to file his answer out of time. The answer is attached as Exhibit 1. As grounds, Defendant Swearingen states as follows:

1. On March 9, 2018, the National Rifle Association (NRA) filed this action. *See* DE 1. On May 13, 2018, this Court denied Plaintiffs' Motion to Proceed Under Pseudonyms. *See* DE 32. Plaintiffs took an interlocutory appeal from that order, and this case laid dormant for a year and a half. On November 20, 2019, after Plaintiffs voluntarily dismissed their appeal, this Court reinitiated proceedings. *See*

DE 57. At no point either before or after that year and a half delay did Plaintiffs seek preliminary injunctive relief.

2. On January 21, 2020, Defendants filed their motion to dismiss. *See* DE 73. Defendants did not ask the Court to postpone discovery or hold the case in abeyance pending disposition of their motion to dismiss; accordingly, the parties continued to litigate the case under the terms of this Court's scheduling order. Plaintiffs then took a series of extensions—which Defendants consented to—and did not file their response to the motion to dismiss until April 17, 2020. *See* DE 93. Meanwhile, the parties had already begun discovery. Plaintiffs served their expert reports on March 12, 2020, and Defendants served theirs on May 13, 2020. Fact discovery was completed on June 19, 2020. *See* DE 89. Defendants asked Plaintiffs to extend that period, but Plaintiffs would not consent. Ex. 2. Expert discovery is still ongoing, with the discovery period ending on August 15, 2020. *See id.*

3. On May 1, 2020, this Court granted in part and denied in part Defendants' Motion to Dismiss. *See* DE 94. The Court dismissed the Attorney General as a Defendant but did not dismiss the claims against Defendant Swearingen. Following that ruling, Defendant Swearingen's answer was due May 15. Due to a good faith mistake, Defendant did not file his answer.

4. Around that time, Defendant's counsel were still navigating the transition to remote work because of COVID. Moreover, one attorney was returning

2

from parental leave, a second attorney was departing for parental leave, and a third attorney—who would have been the most natural person to draft the answer—left the Office of the Attorney General suddenly and unexpectedly.

5. Between May 15 and July 22, the parties exchanged a number of emails regarding discovery and other matters. During that time, Plaintiffs did not notify Defendants that an answer had not yet been filed; nor did they indicate that the delay in filing an answer was causing them any prejudice.

6. On July 22, 2020, Defendant Swearingen's counsel reached out to Plaintiffs' counsel regarding the scheduling of expert depositions. Ex. 3. Plaintiffs' counsel responded that Defendant's answer was "more than 2 months overdue," and that Plaintiffs "do not see any reason to move forward with expert depositions" unless Defendant plans to file an answer. *Id.* Plaintiffs' counsel further stated, however, that "assuming Defendant will file an answer in the next 7 days, we are requesting availability from our experts for the first two weeks of August." *Id.*

7. Defendant's counsel responded almost immediately thanking Plaintiffs' counsel for bringing this to their attention. They indicated that they would be filing an answer, and sought to confirm that Plaintiffs would not object to them doing so. Ex. 3. Plaintiffs' counsel responded that they wished to review Defendant's draft answer *before he filed it*, and only then would Plaintiffs be able to communicate their position. *Id.* Notwithstanding this unusual request, Defendant agreed. *Id.* After

3

having had the chance to review Defendant's answer in advance of its filing, Plaintiffs' counsel requested a conference call. *Id.* On the call, they stated that they could not consent to Defendant filing his answer regardless of its content. *Id.* They also represented that they only recently became aware of Defendant's failure to file his answer.

**MEMORANDUM OF LAW**

Defendant Swearingen's neglect was "excusable." *See* Fed. R. Civ. P. 6(b)(1)(B). Due to the above-mentioned circumstances, his counsel failed to "record the applicable deadline." *See Walter v. Blue Cross & Blue Shield*, 181 F.3d 1198, 1202 (11th Cir. 1999) (finding excusable neglect where the delay was caused by "the failure of a former secretary . . . to record the applicable deadline"); *Advanced Estimating Sys. v. Riney*, 130 F.3d 996, 999 (11th Cir. 1997) (miscommunication or clerical error constitutes excusable neglect). Courts "have a strong preference for deciding cases on the merits—not based on a single missed deadline—whenever reasonably possible." *Perez v. Wells Fargo*, 774 F.3d 1329, 1332 (11th Cir. 2014).

Moreover, whether neglect is excusable is an "equitable" determination, requiring the court to take into account "all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 395 (1993). The relevant circumstances include "the danger of prejudice to the" nonmoving party, "the length of the delay and its potential impact on judicial

4

proceedings," "the reason for the delay," and "whether the movant acted in good faith." *Id.* The Eleventh Circuit has "accorded primary importance to the absence of prejudice to the nonmoving party and to the interest of efficient judicial administration." *See Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 850 (11th Cir. 1996).

Here, the circumstances weigh in favor of granting the Motion. Plaintiffs will suffer no prejudice, as the parties—before and after this Court's order disposing of the motion to dismiss—continued to litigate the case in accordance with the terms of the Court's scheduling order; Defendant Swearingen's two-month delay in filing an answer has not adversely impacted the proceedings; Defendant Swearingen has at all times acted in good faith; and Plaintiffs have caused approximately ten times as much delay through their own conduct. *See Wade v. Rowan Cabinet Co.*, 2015 WL 12857076, at *2 (N.D. Ga. Mar. 13, 2015) (finding "no risk of prejudice" where the defendant's delay in answering the complaint "was less than two months"); *Sweetwater Investors v. Sweetwater Apartments Loan*, 2011 WL 1545076, at *4 (M.D. Ala. Apr. 25, 2011) (finding that a three-month delay by the defendant in answering the complaint did not have an adverse effect on the case since the case was not "stagnant because of the delay").

WHEREFORE, Defendant respectfully requests that the Court grant this Motion for Leave to File an Out of Time Answer.

Dated: July 24, 2020

        Respectfully submitted,

        ASHLEY MOODY
        ATTORNEY GENERAL

        /s/ *Elizabeth Teegen*
        ELIZABETH TEEGEN (FBN 833274)
        Chief Assistant Attorney General
        Elizabeth.Teegen@myfloridalegal.com

        CHRISTOPHER J. BAUM
        Senior Deputy Solicitor General
        Christopher.Baum@myfloridalegal.com
        AMIT AGARWAL (FBN 125637)
        Solicitor General
        Amit.Agarwal@myfloridalegal.com
        TIMOTHY L. NEWHALL (FBN 391255)
        Senior Assistant Attorney General
        Timothy.Newhall@myfloridalegal.com
        Office of the Attorney General
        PL-01, The Capitol
        Tallahassee, Florida 32399
        (850) 414-3300
        *Counsel for the Defendant*

## **CERTIFICATIONS**

Pursuant to N.D. Fla. Loc. R. 7.1, the parties have conferred and the Plaintiffs oppose the motion.

Pursuant to N.D. Fla. Loc. R. 7.1(F), the above motion and memorandum do not exceed 8,000 words. Combined, they include 1,077 words.

        /s/ *Elizabeth Teegen*

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on this 24th day of July, 2020, a copy of the foregoing was served on all counsel of record through the Court's CM/ECF Notice of Electronic Filing System.

                                         /s/ *Elizabeth Teegen*
                                         Counsel for Defendant