## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA

NATIONAL RIFLE ASSOCIATION
OF AMERICA, Inc., *et al.*,

    *Plaintiffs*,

    v.                    CASE NO.: 4:18-cv-00137-MW-MAF

RICK SWEARINGEN, in his official
capacity as Commissioner of the
Florida Department of
Law Enforcement,

    *Defendant*.

_____/

## PLAINTIFFS' MEMORANDUM IN OPPOSITION TO
## DEFENDANT'S MOTION TO FILE OUT OF TIME ANSWER

Plaintiffs respectfully submit this Memorandum in Opposition to Defendant's Motion to File Out of Time Answer (ECF No. 99) under Local Rule 7.1(E). Defendant's Motion is filed more than 60 days after the answer deadline, more than 30 days after the close of fact discovery, and a mere 40 days prior to the summary judgment deadline. Defendant has delayed Plaintiffs' day in court long enough.

This action was filed 28 months ago. Defendant's neglect, even if excusable, should not be allowed to further delay resolution of this important challenge to Florida's novel ban on firearm purchases by law-abiding, responsible 18-to-20-year-old adults. But that would be the only way to mitigate the prejudice to Plaintiffs if Defendant's motion is granted.

1

Plaintiffs will be prejudiced if the Court permits Defendant's out-of-time pleading. The Answer contains improper factual denials based on Defendant's professed lack of information or knowledge asserted after the close of discovery, as well as affirmative defenses that were waived by Defendant's failure to file his Answer, neither of which now can be tested by Plaintiffs in discovery.

Defendant has not demonstrated excusable neglect justifying his failure to answer. Efficient judicial administration would be best served here by denial of Defendant's motion in light of the length of time that has passed since his Answer was due, the intervening milestones that have passed including the fact discovery deadline, and the proximity to the summary judgment motions deadline.

Plaintiffs respectfully request the Court deny Defendant's Motion. Alternatively, Plaintiffs respectfully request the Court strike all denials of fact in Defendant's proposed Answer based on Defendant's professed lack of sufficient information or knowledge (*see* ECF No. 99-1 ¶¶ 1–4, 14–17, 24, 26–29, 31–33), as well as his affirmative defenses that have been waived (*see* ECF No. 99-1 at 8.)

## I.      FACTUAL AND PROCEDURAL HISTORY

1.      On March 9, 2018, Florida enacted an unprecedented law denying law-abiding, responsible 18–20-year-old adults the right to buy firearms in order to exercise the right to keep and bear arms for self-defense and other lawful purposes. *See* Senate Bill 7026, amending Fla. Stat. § 790.065 to add Subsection (13).

2.      Immediately thereafter, Plaintiff National Rifle Association, Inc. (ECF No. 1), and an individual Plaintiff proceeding by pseudonym to protect herself from harassment (ECF No. 18, 19), filed suit challenging this novel restriction on the fundamental rights of 18–20-year-old adults.

3.      While an appeal was pending over whether that individual Plaintiff could proceed anonymously, she turned 21 and was no longer precluded from buying a firearm.

4.      On November 20, 2019, Plaintiffs filed their operative Second Amended Complaint, substituting an individual Plaintiff to continue the lawsuit along with the Plaintiff NRA. (ECF No. 54.) Plaintiffs dismissed their appeal (ECF No. 55) as moot.

5.      Defendants filed their Motion to Dismiss for failure to state a claim and to dismiss the Attorney General on January 21, 2020. (ECF No. 73), supported by amici briefs filed on January 24, 2020, by Giffords Law Center to Prevent Gun Violence and others (ECF No. 79) and on January 27, 2020, by Everytown for Gun Safety (ECF No. 81).

6.      Following consent extensions granted by this Court, Plaintiffs filed their Memorandum in Opposition to Defendants' Motion to Dismiss on April 17, 2020. (ECF No. 93.)

7.      On May 1, 2020, the Court granted in part and denied in part the Motion to Dismiss, dismissing the Attorney General as a defendant but otherwise denying the Motion. (ECF No. 94.) The Commissioner of the Florida Department of Law Enforcement, Rick Swearingen, remained the sole defendant. (ECF No. 54.)

8.      Defendant had 14 days after denial of the Motion to Dismiss to Answer the Second Amended Complaint.  Fed. R. Civ. P. 12(a)(4)(A). Defendant's Answer was due May 15, 2020.

9.      Defendant served his Rule 26 Expert Disclosure on May 13, 2020.

10.     Defendant did not file an Answer on or before May 15, 2020, or in the more than 60 days thereafter.

11.     On May 20, 2020, Defendant requested Plaintiffs to consent to a 7-day extension of the June 19, 2020 fact discovery deadline without providing any explanation why an extension was requested. Plaintiffs declined to consent. (ECF No. 99-3.) Defendant never renewed his request or moved for an extension of the fact discovery deadline.

12.     On June 1, 2020, the Parties then filed a Joint Motion to Abrogate Mediation Requirement. (ECF No. 95.)

13.     On June 19, 2020, the fact discovery deadline passed without Defendant conducting any discovery of Plaintiffs or third parties.

14.    On July 22, 2020, Defendant requested dates to depose Plaintiffs' experts (ECF No. 99-3 at 5). The expert discovery cut-off is August 17. 2020. Plaintiffs objected because Defendant had not filed his Answer (ECF No. 99-3 at 4.)

15.    Only then did Defendant seeks the Court's leave to file his out-of-time Answer. (ECF No. 99.)

## II.    LEGAL STANDARD

Under Fed. R. Civ. P. 6(b)(1)(B), a Court may extend the time for a party to respond to a complaint after the time to do so has expired only upon showing of "excusable neglect." When analyzing a party's claim of excusable neglect, a court should assess (1) the danger of prejudice to the non-movant, (2) the length of the delay and its possible impact on the judicial proceedings, (3) the reason for the delay, and (4) whether the movant acted in good faith. *Advanced Estimating Sys. v. Riney*, 130 F.3d 996, 997–98 (11th Cir. 1997). The absence of prejudice to the nonmoving party and efficient judicial administration are the primary considerations. *Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 850 (11th Cir. 1996).

Excusable neglect can include "inadvertence, mistake, or carelessness" or "circumstances beyond the party's control." *Pioneer Inv. Serv. Co. v. Brunswick Assoc., Ltd. P'ship*, 507 U.S. 380 (1993). But, counsel's "busy practice" does not establish excusable neglect. *McLaughlin v. City of LaGrange*, 662 F.2d 1385, 1387 (11th Cir. 1981) (citations omitted). Nor does simple inattention to, or ignorance of,

a filing deadline. *Advanced Estimating Sys.*, 130 F.3d at 998. "Although under Rule 6(b), the court has the discretion to accept an untimely filing if excusable neglect is shown, the rule does not require the court to do so." *Deforest v. Johnny Chisholm Global Events, LLC*, No. 3:08-cv-498/MCR/EMT, 2010 WL 1792094, at *5 (N.D. Fla. May 4, 2010), *adopted by* 2010 WL 2278356, at *1 (N.D. Fla. June 4, 2010) (citation omitted).

## III.   ARGUMENT

These considerations weigh against accepting Defendant's out-of-time Answer because Plaintiffs will be prejudiced if the Court accepts the Answer. Defendant's reasons set forth for the delay do not constitute excusable neglect. Denial of Defendant's motion would best serve efficient judicial administration.

### A.   Defendant's Out-of-Time Answer Prejudices Plaintiffs.

Whether the non-moving party is prejudiced by a late filing is the primary consideration in the excusable neglect analysis. *Cheney,* 71 F.3d at 850. If the Court permits Defendant's late-filed Answer, Plaintiffs will be prejudiced because the Answer contains improper factual denials based on the claimed lack of information or knowledge asserted after the close of discovery, as well as affirmative defenses that were waived by Defendant's failure to timely file his Answer.

Fact discovery closed on June 19, 2020. Nonetheless, Defendant makes numerous denials of fact because he claims to be without sufficient information or

knowledge in his proposed Answer. (*See* ECF No. 99-1 ¶¶ 1–4, 14–17, 24, 26–29, 31–33.) Because Defendant elected not to proceed with fact discovery in this case, Defendant is without a reasonable basis on which to make these denials and the denials cannot be in good faith. Further, because fact discovery closed more than 30 days ago, Plaintiffs are now unable to test these denials.

Defendant includes four affirmative defenses in his proposed Answer. (ECF No. 99-1 at 8.) Defendant has waived all of his affirmative defenses by failing to file his Answer. *See* Fed. R. Civ. P. 12(h) (waiver of defenses under Rule 12(b)(2)–(5) by failure to include in responsive pleading); *see also Hassan v. U.S. Postal Service,* 842 F.2d 260, 263 (11th Cir. 1988) (holding that if a party fails to raise an affirmative defense in a pleading, it waives the right to raise it at trial); *and see Edwards v. Fulton County, Ga.*, 509 Fed. Appx. 882, 887 (11th Cir. 2013) (same). As it stands presently, Defendant has waived these affirmative defenses by failing to include them in a responsive pleading. If the Court were to grant Defendant's Motion, Plaintiffs would be prejudiced because the previously waived defenses would be asserted for the first time after the close of fact discovery. Plaintiffs cannot conduct discovery to test any of these affirmative defenses, now that discovery has closed. *Cf. Autauga Quality Cotton Ass'n v. Crosby*, No. 7:15-CV-121 (WLS), 2016 WL 4157340, at *2 (M.D. Ga. Aug. 2, 2016) ("The Court agrees that Plaintiff has time remaining during the discovery period to investigate any new defenses or

assertions, to the extent there are any, raised in Defendants' answer to its Second Amended Complaint and will not therefore be prejudiced.")

Defendant's Fourth Defense (ECF No. 99-1 at 8) is particularly objectionable. In this defense, Defendant purports to reserve the right to assert additional defenses and/or amend his Answer or defenses, leaving Plaintiffs guessing what those additional defenses or new Answer may at some time be. Now that discovery has closed, Defendant is no longer permitted to amend his Answer or otherwise raise additional defenses. *Cf. Fisher v. Office of State Attorney 13th Judicial Circuit Florida*, 162 Fed. Appx. 937, 940 (11th Cir. 2006) (permitting a late-filed response when the filing party did not raise new defenses).

Because Defendant's untimely Answer will prejudice Plaintiffs, Defendant cannot establish excusable neglect. Plaintiffs should not suffer further delay of their lawsuit caused by Defendant's neglect if discovery were re-opened and the summary judgment deadline further extended. For this reason, Plaintiffs request the Court deny the Motion. Alternatively, Plaintiffs respectfully request the Court strike all denials of fact on the ground Defendant claims to be without sufficient information or knowledge in his proposed Answer (*see* ECF No. 99-1 ¶¶ 1–4, 14–17, 24, 26–29, 31–33), as well as the affirmative defenses (*see* ECF No. 99-1 at 7).

### B. Defendant Has Not Shown Excusable Neglect.

Defendant offers two reasons why his failure to timely answer constitutes excusable neglect: (1) Defendant's counsel was "still navigating the transition to remote work because of COVID;" and (2) turnover among his counsel, including two members going out on paternity leave and a third leaving the Office of the Attorney General. (ECF No. 99 at 2–3.) Defendant has not shown how the transition to remote working—a condition shared by counsel for Plaintiffs and this Court—caused counsel to miss a crucial deadline by over 60 days. And each of the five lawyers signing the instant motion have all been involved in this case at least since the end of last year. The same counsel who appear in Defendant's signature block in the Motion at issue (ECF No. 99) appear in each filing in this matter dating back to December 2019. (*See, e.g.*, ECF Nos. 73, 86, 88, 95, 99.)[1]

Defendant continued to actively participate in this matter during the period his Answer was due and then overdue. Defendant served his Rule 26 Expert Disclosure merely two days before his missed Answer deadline; consented to the Joint Motion to Abrogate Mediation Requirement (ECF No. 96) shortly thereafter; and corresponded about a possible extension to the discovery deadline. (ECF No. 99-2.)

---

[1] Former Deputy Solicitor General Edward M. Wenger withdrew as Defendant's counsel in December 2019. (ECF Nos. 66, 68.) Barbara Jean Throne appeared in every filing in that timeframe until the current Motion (ECF No. 99) but has not formally withdrawn.

Defendant did not even discover his own error. It was only when Plaintiffs' counsel raised an objection to Defendant's failure to Answer that Defendant filed the instant motion. Until prompted, Defendant did not initiate the process to file a late Answer or seek Plaintiffs' consent to do so. Counsel's inattention to filing deadlines does not constitute excusable neglect. *Fisher Island Ltd. v. Fisher Island Investments, Inc.*, 518 Fed. Appx. 663, 667 (11th Cir. 2013); *see also Advanced Estimating Sys.*, 130 F.3d at 998 ("an attorney's misunderstanding of the plain language of a rule cannot constitute excusable neglect such that a party is relieved of the consequences of failing to comply with a statutory deadline"); *and see id.* ("inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable neglect'") (citations omitted). Having not even discovered his own error, Defendant's belated assertions that his conduct constitutes excusable neglect ring hollow. Defendant's failure to Answer is not excusable neglect.

When a court grants a motion to file an untimely pleading, there typically has been only a minimal length of delay, for example, a party missing a deadline by a few days—not more than two months. *See, e.g., McLaughlin v. City of LaGrange*, 662 F.2d 1385, 1387 (11th Cir. 1981) (denying motion for untimely filing though merely four days late); *Rogers v. Sec'y, Florida Dep't of Corr.*, 4:15-cv-554-MW-GRJ, 2016 WL 3774131, at *2 (N.D. Fla. June 13, 2016), *report and*

*recommendation adopted sub nom. Rogers v. Sec'y*, 4:15-cv-554-MW/GRJ, 2016 WL 3769375 (N.D. Fla. July 14, 2016) (not permitting late response filed five days late); *Highfill v. USAA Cas. Ins. Co.*, 3:11-cv-574-MCR/EMT, 2012 WL 13026676, at *1 (N.D. Fla. Jan. 4, 2012) (granting motion for additional time filed three days after response deadline); *United States v. Dubarry*, 3:09-cv-505/MCR/MD, 2010 WL 2510416, at *1 (N.D. Fla. May 11, 2010), *report and recommendation adopted*, 3:09-cv-505/MCR/MD, 2010 WL 2510418 (N.D. Fla. June 10, 2010) (accepting answer filed five days late).

The sheer length of the delay—more than 60 days—combined with the milestones that passed, especially the close of fact discovery, as well as the approaching deadline for summary judgment motions, and the resulting prejudice to Plaintiffs, all weigh heavily in favor of denying Defendant's Motion. Efficient judicial administration would be best served by denial of the motion here.

## IV.    CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request the Court deny Defendant's Motion to File Out of Time Answer to avoid unfair prejudice to Plaintiffs and advance efficient judicial administration. Alternatively, Plaintiffs respectfully request the Court strike all denials of fact on the ground Defendant claims to be without sufficient information or knowledge in his proposed Answer

(*see* ECF No. 99-1 ¶¶ 1–4, 14–17, 24, 26–29, 31–33), as well as the affirmative defenses (*see* ECF No. 99-1 at 8).

Respectfully submitted,

/s/ *John Parker Sweeney*

John Parker Sweeney
James W. Porter, III
Marc A. Nardone
BRADLEY ARANT BOULT CUMMINGS LLP
1615 L Street, NW
Washington, DC 20036
Tel: (202) 393-7150
jsweeney@bradley.com
jporter@bradley.com
mnardone@bradley.com
(Admitted *Pro Hac Vice*)

Eliot B. Peace (FBN: 124805)
BRADLEY ARANT BOULT CUMMINGS LLP
100 N. Tampa Street, Suite 2200
Tampa, FL 33602
Telephone: (813) 559-5500
epeace@bradley.com

*Counsel for Plaintiffs*

## Local Rule 7.1(F) Certificate of Compliance

Pursuant to Local Rule 7.1(F), I certify the foregoing pleading contains 2,433 words.

/s/*Eliot B. Peace*
*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 27, 2020, I filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send electronic notification to all counsel of record, as follows:

AMIT AGARWAL (FBN 125637)
Solicitor General

ELIZABETH TEEGEN (FBN 833274)
Chief Assistant Attorney General

BARBARA JEAN THRONE (FBN 776505)
Senior Assistant Attorney General

TIMOTHY NEWHALL (FBN 391255)
Senior Assistant Attorney General

Office of the Attorney General
The Capitol, PL-01
Tallahassee, FL 32399
Tel: (850) 414-3681
amit.agarwal@myfloridalegal.com
elizabeth.teegen@myfloridalegal.com
barbara.throne@myfloridalegal.com
timothy.newhall@myfloridalegal.com

CHRISTOPHER J. BAUM (FBN 1007882)
Deputy Solicitor General
Office of the Attorney General
State of Florida
1 SE 3rd Ave Suite 900
Miami, FL 33131
(786) 792-6269
christopher.baum@myfloridalegal.com

/s/ *Eliot B. Peace*
*Counsel for Plaintiffs*