# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| NATIONAL RIFLE ASSOCIATION ) <br> OF AMERICA, INC., *and* ) <br> RADFORD FANT, ) <br>     *Plaintiffs,* ) <br> ) <br> v. ) <br> ) <br> RICK SWEARINGEN, in his Official ) <br> Capacity as Commissioner of the Florida ) <br> Department of Law Enforcement, *and* ) <br> ASHLEY MOODY, ) <br> in her Official Capacity ) <br> as Attorney General of Florida, ) <br>     *Defendants.* ) | Civil Action No. 4:18-cv-137-MW-MAF |

**UNOPPOSED MOTION AND INCORPORATED MEMORANDUM OF LAW OF EVERYTOWN FOR GUN SAFETY SUPPORT FUND FOR LEAVE TO FILE AMICUS CURIAE BRIEF IN SUPPORT OF <u>DEFENDANTS' MOTION FOR SUMMARY JUDGMENT</u>**

## **UNOPPOSED MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF**

Everytown for Gun Safety Support Fund ("Everytown"), pursuant to Local Rule 7.1, respectfully moves for leave to file in this case the attached amicus curiae brief, in support of the State's motion for summary judgment and in opposition to plaintiffs' cross-motion. Everytown's proposed amicus brief supplements the arguments it made in its prior amicus brief in support of the State's position regarding the constitutionality of Florida Statute § 790.065(13), *see* Dkt. No. 83.

## MEMORANDUM OF LAW

It is "well-settled that a district court has broad discretion to grant the request of a non-party to file an amicus brief." *Chavez v. Credit Nation Auto Sales, Inc.*, No. 1:13-CV-00312-WSD-JCF, 2014 WL 12780146, at *2 (N.D. Ga. June 5, 2014) (quoting *Conservancy of Sw. Fla. v. U.S. Fish & Wildlife Serv.*, No. 2:10-CV-106-FTM-SPC, 2010 WL 3603276, at *1 (M.D. Fla. Sept. 9, 2010), and collecting cases); *see Resort Timeshare Resales, Inc. v. Stuart*, 764 F. Supp. 1495, 1500 (S.D. Fla. 1991) ("The district court . . . has the inherent authority to appoint *amicus curiae* . . . to assist it in a proceeding."); *see also City of Marietta v. CSX Transp., Inc.*, 196 F.3d 1300, 1304 (11th Cir. 1999) (holding that decisions to permit and rely on amicus brief are "within the discretion of the district court"). "[I]n determining whether to allow the filing of an amicus brief," courts consider "whether the brief will assist the judges by presenting ideas, arguments, theories, insights, facts, or data that are not to be found in the parties' briefs." *Chavez*, 2014 WL 12780146, at *2 (quoting *Voices for Choices v. Ill. Bell Tel. Co.*, 339 F.3d 542, 545 (7th Cir. 2003)).[1] Courts welcome amicus briefs where, *inter alia*, the "amicus has a unique

---

[1] Although coined a "friend of the court," there is no requirement that a person or entity seeking to file an amicus brief be disinterested. *See, e.g.*, *Chavez*, 2014 WL 12780146, at *3 (rejecting defendant's invitation to deny proposed amicus brief on the grounds that amici "are biased towards Plaintiff"); *Friends of Everglades, Inc. v. S. Fla. Water Mgmt. Dist.*, No. 02-80309-CLV, 2005 WL 8160352, at *1 (S.D. Fla. Nov. 1, 2005) (rejecting plaintiffs' claim that amici must be neutral).

perspective or specific information that can assist the court beyond what the parties can provide." *Id.* (quoting *Voices for Choices*, 339 F.3d at 545). Everytown has this unique perspective and information.

*Amicus* Everytown for Gun Safety Support Fund is the education, research, and litigation arm of Everytown for Gun Safety, the nation's largest gun-violence-prevention organization, with nearly six million supporters across the country, including close to one hundred thousand in Florida. Everytown for Gun Safety was founded in 2014 as the combined effort of Mayors Against Illegal Guns, a national, bipartisan coalition of mayors combating illegal guns and gun trafficking, and Moms Demand Action for Gun Sense in America, an organization formed after a 20-year-old gunman murdered twenty children and six adults at an elementary school in Newtown, Connecticut. The mayors of more than twenty-five Florida cities are members of Mayors Against Illegal Guns. Everytown also includes a large network of gun-violence survivors who are empowered to share their stories and advocate for responsible gun laws.

Everytown's mission includes defending common-sense gun safety laws by filing amicus briefs that provide historical context and doctrinal analysis that might otherwise be overlooked. Everytown has filed such briefs in numerous Second Amendment cases—including a prior brief in this case, *see* Dkt. No. 83, and in similar cases involving challenges to minimum-age restrictions on the purchase and

- 3 -

sale of firearms, *see Hirschfeld v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, No. 19-2250 (4th Cir.); *Mitchell v. Atkins*, No. 3:19-cv-05106-RBL (W.D. Wash.). Several courts have also cited and expressly relied on Everytown's amicus briefs in deciding Second Amendment and other gun cases. *See, e.g.*, *Ass'n of N.J. Rifle & Pistol Clubs, Inc. v. Att'y Gen. N.J.*, 910 F.3d 106, 112 n.8 (3d Cir. 2018); *Rupp v. Becerra*, 401 F. Supp. 3d 978, 991-92 & n.11 (C.D. Cal. 2019), *appeal docketed*, No. 19-56004 (9th Cir. Aug. 28, 2019); *see also Rehaif v. United States*. 139 S. Ct. 2191, 2210-11, nn.4 & 7 (2019) (Alito, J., dissenting).

Everytown respectfully submits that its proposed amicus curiae brief would assist the Court in deciding the parties' cross-motions for summary judgment, by providing further analysis in support of the State's position that Florida Statute § 790.065(13) is constitutional. Specifically, Everytown's brief would provide the Court with additional historical information relevant to step one of the Eleventh Circuit's two-step inquiry for evaluating Second Amendment challenges to firearms regulations, which asks whether the conduct restricted by the statute traditionally has been protected by the Second Amendment. Everytown's brief, *inter alia*, emphasizes the long and clear history of regulating the ability of those under 21 to acquire firearms and explains why the plaintiffs' reliance on early militia laws is misplaced. In sum, if accepted by the Court, Everytown's brief would provide important perspective and information demonstrating that restrictions on the sale or transfer of

firearms to minors have existed for more than 150 years, and that age-based restrictions on such transfers thus regulate conduct outside the scope of the Second Amendment "as historically understood," *United States v. Focia*, 869 F.3d 1269, 1285 (11th Cir. 2017).

## **CONCLUSION**

For the foregoing reasons, Everytown's Unopposed Motion for Leave to File Amicus Curiae Brief should be granted.

                                                          Respectfully submitted,

Dated: September 10, 2020        By:  */s/ William J. Taylor, Jr.*
                                                  William J. Taylor, Jr.
                                                  NYS Bar No. 3958956 (admitted in N.D. Fla.)
                                                  Everytown Law
                                                  450 Lexington Avenue
                                                  P.O. Box 4184
                                                  New York, New York 10017
                                                  (646) 324-8215
                                                  wtaylor@everytown.org

                                                  Darren A. LaVerne*
                                                  Karen S. Kennedy*
                                                  Jessica K. Weigel*
                                                  Dayna M. Chikamoto*
                                                  Kramer Levin Naftalis & Frankel LLP
                                                  1177 Avenue of the Americas
                                                  New York, New York 10036
                                                  (212) 715-9190
                                                  * *Of counsel*

                                                  *Attorneys for Everytown for Gun Safety Support Fund*

## **LOCAL RULE 7.1(F) CERTIFICATION**

In accordance with Local Rule 7.1(F), the undersigned counsel certifies compliance with the word limits in Local Rule 7.1(F). The total number of words in the foregoing memorandum of law, exclusive of the case style, signature block, and certificate of service, and inclusive of headings, footnotes, and quotations, is 825.

    */s/ William J. Taylor, Jr.*
William J. Taylor, Jr.
NYS Bar No. 3958956 (admitted in N.D. Fla.)
Everytown Law
450 Lexington Avenue
P.O. Box 4184
New York, New York 10017
(646) 324-8215
wtaylor@everytown.org

*Attorney for Everytown for Gun Safety Support Fund*

## **CERTIFICATE OF CONFERRAL**

I hereby certify, pursuant to Local Rule 7.1(B) and (C), that I have conferred with counsel for the parties regarding this motion. Defendants have advised me that they take no position regarding this motion. Plaintiffs have advised me that they consent to this motion.

*/s/ William J. Taylor, Jr.*
William J. Taylor, Jr.
NYS Bar No. 3958956 (admitted in N.D. Fla.)
Everytown Law
450 Lexington Avenue
P.O. Box 4184
New York, New York 10017
(646) 324-8215
wtaylor@everytown.org

*Attorney for Everytown for Gun Safety Support Fund*