IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA

NATIONAL RIFLE ASSOCIATION
OF AMERICA, Inc., *et al.*,

    *Plaintiffs*,

v.                                  CASE NO.: 4:18-cv-137-MW-MAF

RICK SWEARINGEN, in his official
capacity as Commissioner of the
Florida Department of
Law Enforcement,

    *Defendant*.
_____/

**OPPOSITION TO MOTION IN LIMINE TO
LIMIT THE TESTIMONY OF GARY KLECK, PH.D.**

The Court should deny Defendant's Motion in Limine to Limit the Testimony of Gary Kleck, Ph.D. ("MIL") because Dr. Kleck's testimony is reliable and pertinent to the facts of this case.

Plaintiffs, the National Rifle Association of America, Inc., and Radford Fant, challenge the constitutionality of Section 790.065(13), Florida, Statutes, which bans anyone 18-to-20 years of age from purchasing any type of firearm—handgun, rifle or shotgun—from anyone, including a federally licensed dealer or a private source. Throughout this litigation, Defendant has urged this Court to use a two-step inquiry to resolve Plaintiffs' Second Amendment claim. *See* Def.'s Motion for Summary Judgment ("Def.'s MSJ"), ECF No. 107, at 6; Def.'s Motion to Dismiss. ECF No.

73, at 5. According to Defendant, at the first step of this two-step challenge, the Court determines whether the challenged law burdens conduct within the scope of the Second Amendment as historically understood. *See* Def.'s MSJ, at 6. At the second step, the Court determines, among other things, whether the challenged law "advance[s] the state's interest" by reducing crime. *See id*. at 19-29. Defendant asks this Court to hold that Florida's ban survives intermediate scrutiny, *see id*., which requires the Court to perform a fact-based analysis and assess the evidence supporting the ban's justification, *see McCutcheon v. Federal Election Comm'n*, 572 U.S. 185, 221 (2014) (plurality op.). Plaintiffs anticipate that Defendant will make this same argument at trial.

Plaintiffs designated Dr. Kleck to assist the Court in its determination that Florida's ban fails step two of the two-step analysis. Dr. Kleck opines that Florida's ban has "a serious cost to . . . law-abiding young adults" but is unlikely to have a "detectable crime-reducing effect." MIL, Ex. A, at 1.[1] Defendant argues that these opinions are inadmissible because the former opinion is premised upon an unreliable fact that banning individuals from purchasing a good diminishes those individuals' access to that good. MIL, at 1. Defendant argues that the latter opinion does not fit the facts of this case because it relies upon studies of the public safety effects of

---

[1] Dr. Kleck's report is attached to Defendant's Motion in Limine as Exhibit A. For ease of reference, citations to that report will be made to "MIL, Ex. A."

2

other laws that ban minors and 18-to-20-year-olds from purchasing firearms but may be distinguishable in other respects. *Id*. Neither of these arguments are persuasive.

For the reasons set forth below, under Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharms., Inc*., 509 U.S. 579 (1993), Dr. Kleck's opinions are reliable and fit the facts of this case. Defendant's motion to limit his testimony on these bases should be denied.

## LEGAL STANDARD

Expert testimony is admissible when the expert "is qualified and proposes to give at least some testimony that passes muster under *Daubert*." *Munroe v. Barr Labs., Inc*., No. 4:07CV395-RH/WCS, 2009 WL 6361861, at *1 (N.D. Fla. Oct. 14, 2009).

Under Federal Rule of Evidence 702 and *Daubert*, trial courts act as a gatekeeper for expert testimony, permitting into the courtroom testimony that is relevant and reliable. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 145 (1999). Trial courts have broad discretion in their role as gatekeepers. *See, e.g.*, *In re Teltronics, Inc*., 904 F.3d 1303, 1310-1311 (11th Cir. 2018).

## ARGUMENT

**1. Dr. Kleck's opinion that Florida's ban "will have a negative impact on lawful firearm use" is admissible because it is reliable.**

Defendant argues that Dr. Kleck cannot opine that there is a serious cost to denying firearms to law-abiding 18-to-20-year-olds because the fact underlying this

3

opinion—that Florida's ban on 18-to-20-year-olds' ability to purchase firearms diminishes access to these firearms—is just speculation and "common sense." MIL, at 6.[2]

Dr. Kleck does not speculate or guess that banning individuals from purchasing a good diminishes those individuals' access to that good. It is instead the central premise Defendant uses to justify Florida's ban, which an expert may rely upon in forming his testimony. *See, e.g.*, *Uncommon, LLC v. Spigen, Inc.*, 305 F. Supp. 3d 825, 844 (N.D. Ill. 2018), *aff'd*, 926 F.3d 409 (7th Cir. 2019). Defendant argues that Florida's ban survives means-end scrutiny because it "protect[s] the community from crime" by disarming those who are "more likely to engage in behaviors that are impulsive, emotional, risky and that offer immediate or short time reward." Def.'s MSJ, at 23, 25 (quotation omitted). Defendant states that the "average" 18-to-20-year-old will be disarmed because the "average" 18-to-20-year-old fits the description of who Florida wishes to disarm. *Id*. at 25 (alleging that "[e]mpirical evidence bears out that … 18-to-20-year-olds are uniquely likely to engage in impulsive, emotional, and risky behaviors that offer immediate or short-term rewards"). *Id*. Defendant also analogizes Florida's ban to laws "disarming select groups for the sake of public safety." Def.'s MSJ, at 9. Dr. Kleck is not

---

[2] It is difficult to see how something can be simultaneously both speculative and common sense. In any event, Dr. Kleck's opinions are based on proper facts under Fed. R. Evid. 702.

guessing or speculating that the law will disarm 18-to-20-year-olds. He is relying upon the express justification offered by Defendant in support of the ban. If it is now Defendant's position that the challenged law will not actually decrease acquisition of firearms by those in this age group, then Defendant has himself demonstrated that the law is not tailored to the government interest and is unconstitutional.

Defendant also makes the curious argument that Dr. Kleck is speculating about the ability of 18-to-20-year-olds to obtain firearms because he does not account for the possibility of acquisition by gift or loan. MIL, at 7-8. But Defendant has never offered evidence of how often firearms are gifted or loaned to 18-to-20-year-olds, much less offered evidence that gifting has any impact on 18-to-20-year-olds' ability to acquire firearms. *See* Def.'s MSJ, at 28-29 (offering no evidence as to how many firearms have been gifted or loaned to 18-to-20-year-olds). Defendant appears to be using this entirely speculative possibility—that some law-abiding adult will determine that an individual 18-to-20-year-old "is prepared for the responsibility of gun ownership" and loan or give them a firearm—as an implausible litigation position to save the purchase restriction, tacitly admitting that Florida's ban is indefensible. Dr. Kleck cannot be expected to find evidence to support Defendant's argument when even Defendant has not done so. Regardless, any argument about factors that Defendant asserts Dr. Kleck should have taken into

5

account goes to weight, not admissibility, and is therefore not grounds to exclude Dr. Kleck's opinion.

Defendant also mistakenly argues that Dr. Kleck's opinion is merely "common sense." MIL, at 7. While it may be common sensical that banning individuals from purchasing a good diminishes those individuals' access to that good, this is not Dr. Kleck's opinion. Instead, Dr. Kleck relies on that indisputable fact, *i.e.* that Defendant seeks to deny access to firearms to this age group to opine on the "serious cost[s] to denying firearms to law-abiding young adults," MIL, Ex. A, at 3, which he is entitled to do, *Meyerson v. Walgreen Co.*, No. 05-60025-CIV, 2006 WL 5249740, at *6 (S.D. Fla. May 19, 2006) ("Obviously, scientific conclusions (and testimony), at heart, rely upon common sense and logic, and the mere fact that an expert uses common sense to reach a conclusion is not grounds to exclude the testimony.").

While experts may not *merely* make an appeal to common sense, Dr. Kleck does not do that. He instead uses logic and the common-sense fact that the sales ban will diminish access to firearms for 18-to-20-year-olds (which is, again, the central tenet of the State's sales ban being challenged in this case). This supports his expert opinion that Florida's ban harms 18-to-20-year-olds uniquely because young adults have the highest rates of violent crime victimization and thus are especially likely to need effective means of self-protection. Defendant does not argue that this opinion

is inadmissible because he cannot. Defendant does not dispute that Dr. Kleck's opinion will be helpful to the Court because he cannot. It is therefore admissible. *See, e.g.*, *United States v. Rouco*, 765 F.2d 983, 995 (11th Cir. 1985) (expert testimony admissible where it offers something "beyond the understanding and experience of the average citizen").

There is no other right conditioned entirely on the generosity of others. Defendant cannot have it both ways. Either the restriction will advance public safety by reducing the number of firearms acquired by Florida citizens in the restricted age group, or a sufficient number of gifted firearms will be transferred to 18-to-20-year-olds to significantly reduce the burden on the Second Amendment right. But it cannot be both simultaneously because the fundamental precept of the sales ban is that "18-to-20-year-olds are uniquely likely to engage in impulsive, emotional, and risky behaviors." Def.'s MSJ at 25. Any argument that the ability to gift or loan a firearm to a member of the restricted age group saves this ban from Second Amendment scrutiny is without merit. Regardless, Defendant has chosen to make an issue of this, and Dr. Kleck's informed criminological opinion provides assistance to the Court with respect to the effects, positive or negative, of the bans, and he should be permitted to testify.

## 2. Dr. Kleck's opinion that Florida's ban "will not have an impact on criminal firearm use" is admissible because it has a justified relationship to the pertinent facts of this case.

Dr. Kleck opines that "[p]ast experience with age-based restrictions on purchase and possession of firearms indicates that they have no detectable crime-reducing effect." MIL, Ex. A, at 1. Defendant argues that this opinion is not admissible because it is not supported with relevant facts or studies. MIL, at 8. This argument has no merit.

Dr. Kleck explains that laws restricting 18-to-20-year-olds from purchasing firearms have not reduced crime:

> [A]pplicable to Florida's ban on gun purchases by young adults, Kleck (2019) found that the ban on handgun purchases by person aged 18 to 20 implemented in the federal Gun Control Act of 1968 had no impact on violent crime among persons in this age group, as indicated by age specific arrest data. This study also found no effect of state bans on gun carrying/possession by persons age 18 to 20.

MIL, Ex. A, at 4. Defendant argues that the Gun Control Act is "materially distinct" from Florida's ban, without engaging in any meaningful explanation as to why. MIL, at 8-9. Defendant appears to be arguing that Dr. Kleck may not rely upon any of the studies of the effects of similar firearm restrictions for the sole reason that those laws are not identical to the purchase ban at issue here. There is no basis in the law for this standard.

"Trained experts commonly extrapolate from existing data." *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997). Dr. Kleck extrapolates data from the effects of

similar laws to opine on the probable effects Florida's ban. Dr. Kleck's opinion could be excluded only if this extrapolation were "connected to existing data by nothing more than [his] *ipse dixit*." *Lee-Bolton v. Koppers Inc.*, 319 F.R.D. 346, 371 (N.D. Fla. 2017). But Dr. Kleck's extrapolation is not mere *ipse dixit*. It is instead connected by the "comprehensive review of post-2002 research by the Rand Corporation [that] similarly found that evidence bearing on the effect of minimum age requirements to purchase guns on rates of violent crime was 'inconclusive,' their lowest level of confidence in the evidence." MIL, Ex. A, at 4-5.

Defendant's erroneous suggestion that Dr. Kleck's opinion is inadmissible because the studies he relies upon are not premised on laws identical to Florida's ban goes not to the admissibility of Dr. Kleck's testimony but the weight the Court should give it. "It is not the role of the district court to make ultimate conclusions as to the persuasiveness of the proffered evidence." *Quiet Tech. DC–8, Inc. v. Hurel–Dubois UK Ltd.*, 326 F.3d 1333, 1341 (11th Cir. 2003 (citations omitted);[3] *Companhia Energetica Potiguar v. Caterpillar Inc.*, No. 14-24277-CIV, 2017 WL 10775768, at *7 (S.D. Fla. June 12, 2017) ("[M]istakes, defects, omissions, problems, weaknesses and warts with an expert's opinion do not necessarily mean that it must be excluded. To the contrary, many challenges to expert testimony

---

[3] This principle applies even in a bench trial. *Adams v. Paradise Cruise Line Operator Ltd., Inc.*, No. 19-CV-6114, 2020 WL 3489366, at *2 (S.D. Fla. June 26, 2020).

9

ultimately can be viewed as an attack on the weight of the expert's opinions, which can be addressed at trial through vigorous cross-examination, rather than to admissibility."). Criticisms that "relate to the accuracy of the information [the expert] used in his methodology" go to weight not admissibility and are "more properly raised through cross examination or rebuttal testimony than with a *Daubert* motion." *Hernandez v. Crown Equip. Corp.*, 92 F. Supp. 3d 1325, 1343 (M.D. Ga. 2015). Dr. Kleck's testimony is reliable and fits the facts of this case. Defendant's arguments to the contrary are unavailing, and this Court should not exclude Dr. Kleck's testimony.

## CONCLUSION

For the foregoing reasons, Defendant's motion should be denied.

Respectfully submitted,

/s/*John Parker Sweeney*
John Parker Sweeney
James W. Porter, III
Marc A. Nardone
BRADLEY ARANT BOULT CUMMINGS LLP
1615 L Street, NW
Washington, DC 20036
Tel: (202) 393-7150
jsweeney@bradley.com
(Admitted *Pro Hac Vice*)

Robert Craig Mayfield (FBN: 0429643)
BRADLEY ARANT BOULT CUMMINGS LLP
100 N. Tampa Street, Suite 2200
Tampa, FL 33602
Telephone: (813) 559-5500
rmayfield@bradley.com

*Counsel for Plaintiffs*

## Local Rule 7.1(F) Certificate of Compliance

Pursuant to Local Rule 7.1(F), I certify the foregoing pleading contains 2,181 words.

/s/ Robert Craig Mayfield
*Counsel for Plaintiffs*

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 8, 2020, I filed the foregoing with the Clerk of the Court using the CM/ECF system, which will provide electronic service to all counsel of record, as follows:

AMIT AGARWAL (FBN 125637)
Solicitor General

JAMES H. PERCIVAL (FBN 1016188)
Chief Deputy Solicitor General

ELIZABETH TEEGEN (FBN 833274)
Chief Assistant Attorney General

TIMOTHY NEWHALL (FBN 391255)
Senior Assistant Attorney General

Office of the Attorney General
The Capitol, PL-01
Tallahassee, FL 32399
Tel: (850) 414-3681
amit.agarwal@myfloridalegal.com
james.percival@myfloridalegal.com
elizabeth.teegen@myfloridalegal.com
barbara.throne@myfloridalegal.com
timothy.newhall@myfloridalegal.com

CHRISTOPHER J. BAUM (FBN 1007882)
Deputy Solicitor General
Office of the Attorney General
State of Florida
1 SE 3rd Ave Suite 900
Miami, FL 33131
(786) 792-6269
christopher.baum@myfloridalegal.com

                                          /s/ Robert Craig Mayfield
                                          *Counsel for Plaintiffs*