## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA

NATIONAL RIFLE ASSOCIATION
OF AMERICA, Inc., *et al.*,

     *Plaintiffs*,

     v.                               CASE NO.: 4:18-cv-137-MW/CAS

RICK SWEARINGEN, in his official
capacity as Commissioner of the
Florida Department of
Law Enforcement,

     *Defendant*.

_____/

## PLAINTIFFS' REPLY IN FURTHER SUPPORT OF THEIR MOTION IN LIMINE TO EXCLUDE THE TESTIMONY OF DR. PRADEEP G. BHIDE

Defendant's opposition to Plaintiffs' motion to exclude Dr. Bhide fails to satisfy Defendant's burden of showing that Dr. Bhide's opinions are admissible. Rather than provide evidence that Dr. Bhide possesses the qualifications and experience necessary to opine on the subject matter pertinent to this case, Defendant simply lists Dr. Bhide's resume, which, as Plaintiffs already demonstrated, shows no experience with the relevant subject matter. Rather than defending Dr. Bhide's opinions, Defendant's opposition has admitted that Dr. Bhide's testimony is not going to assist the trier of fact and should be excluded. As Defendant himself noted, Dr. Bhide "offers no opinions on firearm use" and "does not wade into whether Section 790.065(13) will impact crime or whether a 'link' exists between age,

firearm use, and crime." Opposition at 5. These are the issues relevant to this case, and Defendant has admitted that Dr. Bhide will not be opining upon them.

## ARGUMENT

Defendant lists bullet points from Dr. Bhide's resume that Defendant contends demonstrate his qualifications. None of these points, however, addresses Plaintiffs' principle objection: Dr. Bhide has never studied adolescent brain development. Defendant's only argument actually addressing Plaintiffs' objection is found in one paragraph on page 6 of the opposition, where Defendant lists three purported pieces of evidence that Dr. Bhide has relevant experience, all without any explication. None of these three points has merit.

First, Defendant quotes Dr. Bhide's report itself where he makes the self-serving statement that he has studied "brain development from the embryonic period through adolescence to adulthood." Opposition at 6. This statement, however, ignores Dr. Bhide's sworn admission at deposition that he had never studied the development of human brains. Bhide Depo., ECF No. 115-1 at 30:22-23. No matter how Dr. Bhide may characterize his experience, the reality is that he has no experience whatsoever studying the underlying subject matter of his opinion, which is brain development in human adults aged 18 to 20.

Second, Defendant asserts that Dr. Bhide is qualified because he edited a book regarding teenage brains. There is no indication that Dr. Bhide contributed anything

of substance to this book; his editing would not indicate any expertise with the subject matter. There is no indication that he independently researched the subject matter or contributed anything other than ensuring the "t"s were crossed and the "i"s were dotted—a task that could be performed by any lay person. There is not even evidence that he authored a preface, foreword, or introduction of the book. This cannot meet Defendant's burden to demonstrate the qualifications of an expert or else every book editor would be a subject matter expert on all of the subject matter contained in the books they edit. Had the editing involved any substantive component, Defendant surely would have noted it. That he did not strongly implies that the editing was literary rather than substantive.

Finally, Defendant asserts that Dr. Bhide presented on brain development during adolescence. Opposition at 6 (*citing* Bhide Depo., ECF No. 115-1 at 28:2-18). Even a cursory examination of the deposition pages cited by Defendant demonstrates that Defendant is grasping at imaginary straws. Dr. Bhide testified that he has been involved in exactly one presentation, and it was not, as Defendant asserts, related to brain development during adolescence. As Dr. Bhide testified, the presentation "was a very general presentation of molecular mechanisms of brain development and how that changes or is different in specific aspects of, you know, *disorders*." Bhide Depo., ECF No. 115-1 at 28:6-10 (emphasis added). He specifically noted that this was not related to adolescent brains but was an overview

of brain development among those with certain disorders: "So that would cover brain development through the entire – in early childhood, young adulthood, and then in adults as well." *Id.* at 28:10-13. As this testimony demonstrates, this presentation was related to abnormalities associated with certain medical conditions, and unrelated to brain development in young adults. This has no bearing on the issues for which Dr. Bhide's testimony is offered.

Defendant also asserts that several of Dr. Bhide's publications demonstrate that he has experience with the relevant subject matter. Opposition at 7-8. But none of these publications has anything to do with evaluating brain development of an "average" adult between the ages of 18 and 21. *See id.* (listing articles involving paternal smoking and ADHD; maternal smoking and ADHD; Huntington's disease; and adults with high functioning autism). None of these articles demonstrate any expertise in the relevant subject matter of the development of an "average" human brain.

Defendant's opposition further confirms that Dr. Bhide's testimony will not assist the trier of fact with determining any fact in dispute in two ways. First, Defendant confirms that Dr. Bhide is unable to pinpoint when brain maturity occurs. Opposition at 8 (stating that there is no way to pinpoint brain maturity because the brain is "constantly developing"). As a result, any discussion of the "average" person aged 18 versus 21 (Opposition at 14) is nonsensical and certainly not admissible

science. Dr. Bhide admits that there is no way to know whether the "average" person at 18 has a matured brain versus the "average" person at 21, and therefore no way to determine whether any physical differences in the brains of persons in these two groups actually relate to maturity or differences in decision making.

Second, and independently fatal to the admissibility of Dr. Bhide's opinions, is Defendant's admission that Dr. Bhide "offers no opinions on firearm use" and "does not wade into whether Section 790.065(13) will impact crime or whether a 'link' exists between age, firearm use, and crime." Opposition at 5. Dr. Bhide is ostensibly offered to opine on the "fit" between the government interest and the challenged law. Defendant has asserted, however, that the government interest supporting the challenged ban is "protecting the community from crime," and the Legislature's purpose was to "address the crisis of gun violence . . . ." Def's Mot. For Summary Judgment, ECF No. 107 at 23. Defendant has expressly admitted that Dr. Bhide cannot opine on any link between age and crime or firearm use, while simultaneously advancing the argument that the asserted government interest involves combatting crime and gun violence. Defendant's argument demonstrates that Dr. Bhide's opinions are irrelevant, cannot assist the trier of fact, and should be excluded.

\* \* \*

## CONCLUSION

For the foregoing reasons and those expressed in Plaintiffs' motion, Plaintiffs respectfully request Dr. Bhide's testimony be excluded in its entirety.

Respectfully submitted,

/s/ *John Parker Sweeney*
John Parker Sweeney
James W. Porter, III
Marc A. Nardone
BRADLEY ARANT BOULT CUMMINGS LLP
1615 L Street, NW
Washington, DC 20036
Tel: (202) 393-7150
jsweeney@bradley.com
(Admitted *Pro Hac Vice*)

Robert Craig Mayfield (FBN: 0429643)
BRADLEY ARANT BOULT CUMMINGS LLP
100 N. Tampa Street, Suite 2200
Tampa, FL 33602
Telephone: (813) 559-5500
rmayfield@bradley.com

*Counsel for Plaintiffs*

## Local Rule 7.1(F) Certificate of Compliance

Pursuant to Local Rule 7.1(F), I certify the foregoing pleading contains 964 words.

/s/ Robert Craig Mayfield
*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 21, 2020, I filed the foregoing with the Clerk of the Court using the CM/ECF system, which will provide electronic service to all counsel of record, as follows:

AMIT AGARWAL (FBN 125637)
Solicitor General

JAMES H. PERCIVAL (FBN 1016188)
Chief Deputy Solicitor General

ELIZABETH TEEGEN (FBN 833274)
Chief Assistant Attorney General

TIMOTHY NEWHALL (FBN 391255)
Senior Assistant Attorney General

Office of the Attorney General
The Capitol, PL-01
Tallahassee, FL 32399
Tel: (850) 414-3681
amit.agarwal@myfloridalegal.com
james.percival@myfloridalegal.com
elizabeth.teegen@myfloridalegal.com
barbara.throne@myfloridalegal.com
timothy.newhall@myfloridalegal.com

CHRISTOPHER J. BAUM (FBN 1007882)
Deputy Solicitor General
Office of the Attorney General
State of Florida
1 SE 3rd Ave Suite 900
Miami, FL 33131
(786) 792-6269
christopher.baum@myfloridalegal.com

/s/ Robert Craig Mayfield
*Counsel for Plaintiffs*