# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA

**NATIONAL RIFLE ASSOCIATION OF AMERICA**, *et al.*,

     *Plaintiffs*,

v.

**RICK SWEARINGEN, in his official capacity as Commissioner of the Florida Department of Law Enforcement**,

     *Defendant*.

Case No. 18-cv-137-MW/MAF

## DEFENDANT'S REPLY IN SUPPORT OF HIS MOTION TO LIMIT THE TESTIMONY OF GARY KLECK, PH.D.

Rather than defend Dr. Kleck's report, Plaintiffs try to rewrite it. They claim that his opinion on "lawful firearm use" is based on an assertion made by Defendant, even though Dr. Kleck does not say that in his report (and even though Defendant never made the assertion). And they claim that the Rand Corporation white paper is the lynchpin of Dr. Kleck's opinion on "criminal firearm use and criminal activity generally," even though in his report he mentions the paper only in passing.

Plaintiffs have not established that Dr. Kleck's opinions are admissible. *See United States v. Frazier*, 387 F.3d 1244, 1260 (11th Cir. 2004) (en banc) ("The burden of establishing qualification, reliability, and helpfulness rests on the proponent of the expert opinion.").

# ARGUMENT

## I. DR. KLECK'S OPINION THAT SECTION 790.065(13) WILL NEGATIVELY IMPACT LAWFUL FIREARM USE IS INADMISSIBLE.

### A. Even Plaintiffs recognize that Dr. Kleck lacks a factual basis for the opinion. Their revisionist reading of his report does not remedy that defect.

Plaintiffs do not dispute that one of the fundamental premises underlying Dr. Kleck's opinion on lawful firearm use is his claim that law-abiding 18-to-20-year-olds will be denied access to firearms absent the ability to purchase them. Resp. 3–4. Nor do they dispute that Dr. Kleck has no factual basis for that claim. *See* Resp. 4. Instead, they assert that he *assumes* that law-abiding 18-to-20-year-olds will be denied access to firearms because, according to them, Defendant "justif[ies]" Section 790.065(13) by asserting that it will have that effect. *See* Resp. 4; *id.* at 5 ("[Dr. Kleck] is relying upon the express justification offered by Defendant in support of the ban.").

That argument serves only to underscore that Dr. Kleck's opinion is based on speculation, but even assuming the argument somehow helps Plaintiffs, it is misguided. Plaintiffs misconstrue Defendant's position, Dr. Kleck's report, and the governing law.

First, Defendant does not justify Section 790.065(13) by asserting that it will "disarm" 18-to-20-year-olds. *See* Resp. 4–5. He asserts that it is reasonably tailored

to advance public safety because it is "carefully targeted at preventing the unsupervised acquisition of firearms by" 18-to-20-year-olds. MSJ, Doc. 107 at 24.

Second, Dr. Kleck does not rely on any claims made by Defendant. At the beginning of his report, Dr. Kleck states that his opinions "rel[y] upon the facts, data, [and] references listed in Exhibit A," which does not mention any of Defendant's filings or arguments. Kleck Rep. at 1 (Doc. 126-1). Then—again without referencing any of Defendant's filings or arguments—Dr. Kleck makes his claim that law-abiding 18-to-20-year-olds "will be denied the ability to defend themselves because they could not lawfully purchase a firearm." *Id.* At no point does Dr. Kleck assert, or even suggest, that in making that claim, he "is relying upon the express justification offered by Defendant in support of" Section 790.065(13). Resp. 5.[1]

Third, Plaintiffs attempt to justify Dr. Kleck's speculation that 18-to-20-year-olds will not have access to firearms by asserting that "Defendant has never offered evidence of how often firearms are gifted or loaned to 18-to-20-year-olds." Resp. 5. But when an expert fails to support a premise of his opinion, it is no answer that the opposing party has not disproven the premise. Rather, the party offering expert

---

[1] *See also Ankuda v. R.N. Fish & Son, Inc.*, 535 F. Supp. 2d 170, 175 (D. Me. 2008) ("To the extent the plaintiff relies on the opinion of the defendant's expert . . . to buttress her own expert's conclusions—either as a matter of fair play or as a factual matter—her reliance is misplaced" because her expert "did not state that he relied on" the defendant's expert.).

testimony "always bears the burden to show that" it satisfies *Daubert* and Rule 702. *See Frazier*, 387 F.3d at 1260 (quotations omitted).

In short, Plaintiffs' revisionist reading of Dr. Kleck's report does not save his opinion that Section 790.065(13) will "have a negative impact on lawful firearm use." Kleck Rep. at 3. Because "one of the fundamental premises underlying [the] opinion is based upon speculation," the opinion is inadmissible. *See Cooper v. Marten Transp.*, 2012 WL 12835704, at *4 (N.D. Ga. June 4, 2012), *aff'd in relevant part, rev'd in part*, 539 F. App'x 963 (11th Cir. 2013); *deWit v. UPS*, 2017 WL 3141074, at *3 (N.D. Fla. June 29, 2017) (Walker, C.J.) (excluding an expert opinion because the expert lacked a "reasonable factual basis" for it); *Battle v. Gold Kist, Inc.*, 2008 WL 4097717, at *7 (M.D. Fla. Sep. 2, 2008) (excluding opinion because one of the "component[s] underlying" it lacked "a reliable foundation").

### B. Plaintiffs have not shown that Dr. Kleck's opinion is helpful. Indeed, they have shown the opposite.

Plaintiffs do not contend that Dr. Kleck's opinion on lawful firearm use is based on criminological expertise. Instead, they state that it is based on logic. According to Plaintiffs, Dr. Kleck's opinion that Section 790.065(13) will negatively impact lawful firearm use is "not merely . . . an appeal to commonsense" but rather is based on "logic and the common-sense fact that [Section 790.065(13)] will diminish access to firearms for 18-to-20-year-olds." Resp. 6. Based on that "common-sense fact" and his opinion that "young adults" need firearms for self-

defense because they "have the highest rates of violent crime victimization," Dr. Kleck deduces that Section 790.065(13) will negatively impact lawful firearm use. *See* Resp. 6.

That is not helpful testimony. The factfinder is capable of the same deductive reasoning, and "there is no need for an expert's opinion where the [factfinder] can decide a disputed issue through the application of common sense or simple logic in light of the evidence and testimony presented at trial." *Hughes v. GEICO Gen. Ins.*, 2017 WL 7000273, at *2 (M.D. Fla. Aug. 31, 2017). Testimony from Dr. Kleck endorsing a logic-based argument that Section 790.065(13) will negatively impact lawful firearm use adds nothing. *See Ankuda*, 535 F. Supp. 2d at 173 (excluding expert testimony where the plaintiff "all but conceded that [the expert's] conclusions derive[d] from common-sense observations and deductions").

## II.  DR. KLECK'S TESTIMONY ON CRIMINAL FIREARM USE IS INADMISSIBLE BECAUSE IT LACKS FIT.

Plaintiffs do not refute that an "analytical leap must be made between" Dr. Kleck's 1993, 2016, and 2019 articles and his opinion that Section 790.065(13) will not impact crime. *See McDowell v. Brown*, 392 F.3d 1283, 1299 (11th Cir. 2004). They do not even attempt to explain how the articles bear on Section 790.065(13). They do not engage at all with Dr. Kleck's research and analysis showing that Section 790.065(13) is materially different from the laws that he considered in the articles because (1) it regulates 18-to-20-year-olds rather than persons under age 18,

and (2) it permits 18-to-20-year-olds neither to buy firearms from private sellers nor to buy long guns. Def. Mot., Doc. 126 at 8–9.

Instead, Plaintiffs try to overcome the leap in Dr. Kleck's testimony by asserting that "[hi]s extrapolation" from the articles is "connected by" the Rand Corporation white paper. Resp. 9. But in his report, Dr. Kleck does not claim that he relies on the paper to connect the findings in the articles to his opinion. *See* Kleck Rep. at 2–3. He only briefly mentions the paper, stating at the end of the report that the Rand Corporation "similarly found that evidence bearing on the effect of minimum age requirements . . . was inconclusive." *Id.* at 2–3.

Nor do Plaintiffs explain how the paper connects Dr. Kleck's 1993, 2016, and 2019 articles to his opinion. Resp. 9. They just say it does, Resp. 9, leaving it to Defendant (and the Court) to surmise how the paper establishes fit. But it is Plaintiffs' burden to establish fit. *See Frazier*, 387 F.3d at 1260; *Cendan v. Trujillo*, 2020 WL 6149800, at *4 (S.D. Fla. Oct. 20, 2020) (excluding expert opinion where the plaintiff "failed to bridge the analytical gap between the data and the opinion").

At any rate, the Rand Corporation white paper neither connects Dr. Kleck's articles to his opinion nor otherwise supports the opinion. The paper does not reach any definitive conclusions about the effectiveness of laws like Section 790.065(13). It summarizes two studies assessing certain "age requirements for purchasing a firearm." *See* The Science of Gun Policy 153 (Rand Corp. 2018). The paper states

that one study "found a significant effect for a decrease in firearm homicides (and an uncertain effect for nonfirearm homicides)," while the other study "found uncertain effects of [two] types of minimum age laws on total homicide and firearm homicide rates." *Id.* But the paper then discounts each study, noting that each had deficiencies, *id.*, and as a result, the paper concludes that it is "uncertain" whether the requirements that the studies considered "affect total homicides and firearm homicides." *Id.* at 154–55.

That conclusion provides no support for Dr. Kleck's opinion that Section 790.065(13) will not impact crime. The paper makes that clear, stating that "inconclusive" evidence about the policies it discusses "should not be confused with the conclusion that the policies themselves have limited effects." *Id.* at xxiii. Therefore, to the extent Plaintiffs contend that the paper, rather than Dr. Kleck's articles, provides the foundation for his opinion, the testimony is still inadmissible. *See* Fed. R. Evid. 702(b) (expert testimony must be "based on sufficient facts or data"); *McDowell*, 392 F.3d at 1300 (upholding exclusion of an opinion because the opinion lacked support); *Legg v. Voice Media Grp.*, 2014 WL 1767097, at *5 (S.D. Fla. May 2, 2014) (excluding opinion because the document the expert relied on "provide[d] an insufficient basis for [the] opinion"); *Dunn v. Sandoz Pharm. Corp.*, 275 F. Supp. 2d 672, 681, 684 (M.D.N.C. 2003) (determining that an opinion relying

on an "inconclusive" study is speculative); *In re Breast Implant Litig.*, 11 F. Supp. 2d 1217, 1231 (D. Colo. 1998) (similar).[2]

## CONCLUSION

Dr. Kleck's opinions that Section 790.065(13) "will have a negative impact on lawful firearm use" and that it "will not have an impact on criminal firearm use or criminal activity generally" are inadmissible. *See* Kleck Rep. at 3. The opinions should be excluded.

---

[2] At a minimum, Dr. Kleck should be barred from testifying about his 1993, 2016, and 2019 articles if Plaintiffs' position is that the Rand Corporation white paper, and not the articles, is the basis for his opinion.

Respectfully submitted,

ASHLEY MOODY
ATTORNEY GENERAL

/s/ *Kevin A. Golembiewski*
KEVIN A. GOLEMBIEWSKI (FBN 1002339)
Deputy Solicitor General
Kevin.Golembiewski@myfloridalegal.com

ELIZABETH TEEGEN (FBN 833274)
Chief Assistant Attorney General
Elizabeth.Teegen@myfloridalegal.com
CHRISTOPHER J. BAUM (FBN 1007882)
Senior Deputy Solicitor General
Christopher.Baum@myfloridalegal.com
AMIT AGARWAL (FBN 125637)
Solicitor General
Amit.Agarwal@myfloridalegal.com
JAMES H. PERCIVAL (FBN 1016188)
Chief Deputy Solicitor General
James.Percival@myfloridalegal.com
TIMOTHY L. NEWHALL (FBN 391255)
Senior Assistant Attorney General
Timothy.Newhall@myfloridalegal.com
Office of the Attorney General
PL-01, The Capitol
Tallahassee, Florida 32399
(850) 414-3300

*Counsel for Defendant*

Date: December 21, 2020

## CERTIFICATE OF COMPLIANCE

Pursuant to Rule 7.1(F) of this Court's Local Rules, I certify that the foregoing

Motion and Incorporated Memorandum contain 1,720 words.

/s/ *Kevin A. Golembiewski*
Kevin A. Golembiewski
DEPUTY SOLICITOR GENERAL

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was filed with the Court's

CM/ECF system, which provides notice to all parties, on this 21st day of December,

2020.

/s/ *Kevin A. Golembiewski*
Kevin A. Golembiewski
DEPUTY SOLICITOR GENERAL